# Trawick *v.* Davis.

*Bill in Equity by Distributees, for Cancellation of Conveyances, and Distribution of Personal Property.*

1. *When distributees may come into equity without administration.* Where the intestate left no debts, and no letters of administration on

[Trawick v. Davis.]

his estate have been granted, the distributees may maintain a bill in equity for distribution without the expense and delay of administration.

2. *Written instrument, as deed or will.*—When a written instrument is properly executed as either a deed or a will, but effect can not be given to it as a deed, it will be held to be a will, if thereby the intention of the testator can be effectuated; when it passes a present right, interest, or estate, and can operate as a deed, the reservation of a life-estate to the grantor does not make it a will; and though an express declaration that "this conveyance is not to take effect and be in force until my death," standing alone, would be indicative of a testamentary character, it might be controlled by other expressions, and surrounding circumstances, manifesting an intention that the instrument should nevertheless operate as a deed.

3. *Conveyance of wife's property.*—A conveyance of property by a married woman to her husband and son, in the form of a deed, can not operate as a conveyance, since the wife's property can only be conveyed by the joint deed of husband and wife (Code, 1876, § 2707), and the husband can not be both grantor and grantee.

4. *Probate of testamentary paper.*—When a paper is testamentary, rights under it can not be asserted, either at law or in equity, until it has been admitted to probate as a will.

5. *Exhibits to bill.*—Where the bill seeks to set aside and cancel a written instrument as a deed, making a copy of it an exhibit, and the defendants assert rights under it as a deed, they can not be heard to insist, in the appellate court, that it is a testamentary paper, never having been admitted to probate, and that the complainant has admitted its validity by making it an exhibit to his bill.

APPEAL from the Chancery Court of Dale.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 5th August, 1885, by Mrs. Anne E. Davis, a married woman, suing by her husband as next friend, against George N. Trawick and others; and sought to set aside and cancel certain conveyances, copies of which were made exhibits to the bill, and to have the property conveyed, with other personal property belonging to the estate of Mrs. Lucinda Trawick, deceased, who was the wife of said George N. Trawick and the mother of the complainant, distributed among the several persons entitled thereto under the statute of distributions. The conveyances are described in the opinion of the court, and the material facts are also there stated. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant; and his decree is here assigned as error.

OATES & COWAN, and TROY, TOMPKINS & LONDON, for the appellant.—(1.) The instrument executed by Mrs. Trawick on the 20th March, 1877, is testamentary, and can only operate as a will.—*Dunn v. Bank of Mobile*, 2 Ala. 152; *Shepherd v. Nabors*, 6 Ala. 631; *Thompson v. Johnson*, 19 Ala. 59; *Walker v. Jones*, 23 Ala. 448; *Kinnebrew v. Kinnebrew*,

[Trawick v. Davis.]

35 Ala. 628; *Jordan v. Jordan*, 65 Ala. 301; *Gilham v. Mustin*, 42 Ala. 365; *Golding v. Golding*, 24 Ala. 122; *Brewer v. Baxter*, 41 Geo. 212, or Amer. Rep. 530; *O'Donnell v. Rodiger*, 76 Ala. 222. (2.) Amanda Pate having made a compromise and settlement, by which she conveyed her interest to them, it was error to render a decree in her favor; and she not being entitled to relief, the other complainants could have none. The bill should have been amended by making her a defendant.—*Tucker v. Holley*, 20 Ala. 426; *Moore v. Moore*, 17 Ala. 631; *Schaffer v. Lavaretta*, 57 Ala. 14.

J. A. CLENDENIN, *contra.*—(1.) The two deeds executed by Mrs. Trawick to her husband and son are void.—*Saulsbury v. Alexander*, 37 Ala. 375; *Watson v. Martin*, 74 Ala. 509; *Falk v. Hecht*, 75 Ala. 295; *Waddell v. Weaver*, 42 Ala. 293; *Elliott v. Wade*, 47 Ala. 456; *Cullen v. Rottenberry*, 76 Ala. 173; *Hammond v. Thompson*, 56 Ala. 587; *McDonald v. Life Ins. Co.*, 56 Ala. 468; *Williams v. Auerbach*, 57 Ala. 90; *Northington v. Faber*, 52 Ala. 45; *Warfield v. Ravisies*, 38 Ala. 518; *Loeb v. McCullough*, 78 Ala. 533. (2.) These instruments are in the form of deeds, and were evidently intended to operate as conveyances. They are not testamentary, and have not been probated.—*Goodman v. Winter*, 64 Ala. 428; *Hawkins v. Dumas*, 41 Ala. 391; *Desribe v. Wilmer*, 69 Ala. 25; *Armstrong v. Lear*, 12 Wheat. 175; *Hall v. Burkham*, 59 Ala. 349; *Adams v. Broughton*, 13 Ala. 731; *Wood v. Mathis*, 53 Ala. 1. (3.) There being no will and no debts, administration was unnecessary, and the complainants might ask distribution in equity.—*Marshall v. Crow*, 29 Ala. 278.

CLOPTON, J.—On February 7, 1877, Lucinda Trawick, who was a married woman, executed to her husband, G. N. Trawick, and her son, Elijah A. Trawick, a conveyance of real and personal property, for their use and benefit during the term of her natural life. On March 20, 1877, she executed to them another conveyance of the same property, for the purpose of correcting a mistake in the first conveyance in respect to the estate intended to be conveyed, and the time it should take effect. In June, 1879, her husband, in consideration of love and affection, conveyed the same property to his sons, Elijah A. and Thomas Trawick. Mrs. Trawick died in 1884. The bill was filed originally by Anne E. Davis, who was a daughter of the deceased by a former marriage,

(Trawick v. Davis.)

and sought to have the foregoing conveyances declared void
and inoperative, and her personal property distributed among
her distributees.    The bill alleges that there has been no ad-
ministration of her estate, and that she owed no debts at the
time of her death.

The estate being free from debt, and the action of the Pro-
bate Court not having been invoked by the heirs and dis-
tributees, a bill will be maintained for the purpose of allot-
ting to them their respective shares, without the expense and
delay of an administration.—*Miller v. Eatman*, 11 Ala. 609;
*Mashall v. Crow*, 29 Ala. 278.

The defendants do not controvert the equity of the bill;
but, in order to defeat complainant's right to the relief prayed
for, set up the conveyances made by Mrs. Trawick and her
husband, under which they claim title.    They insist that the
conveyance of March 20, 1877, is a will, and that effect should
be given to it as such.

Whether an instrument is testamentary, or a conveyance
operating to create estates and rights upon its execution, is
often a question of great difficulty.    When it can have no
effect as a deed, the court is inclined to regard it as a will,
if in that character effect can be given to the evident inten-
tion of the maker.    The controlling question is, whether
the maker intended that an estate or interest should vest
before his death.    If such be the intention, and the instru-
ment can reasonably thus operate, it will be upheld as a
deed.    While the estate conveyed must vest upon the exe-
cution of the instrument, the passing of immediate rights of
possession and enjoyment is not essential to constitute a deed;
and the reservation of a life-estate does not, of itself, make
it a will.—*Hall v. Burkham*, 59 Ala. 349; *Jordan v. Jordan*,
65 Ala. 301.

The instrument is properly executed, either as a will or a
deed.    After employing the usual words of grant and con-
veyance, the language is: "to have and to hold the same to
the said George N. Trawick and Elijah A. Trawick forever;
but this conveyance is not to take effect and be in force till
my death, my purpose and intention being to reserve a life-
estate for myself in all of said property, and at my death to
pass absolutely to said George N. Trawick and Elijah A.
Trawick, and to them alone."    If the words, *"this convey-
ance is not to take effect and be in force until my death"*,
stood alone, they would clearly indicate that no estate or
interest should pass upon the execution of the instru-

[Trawick v. Davis.]

ment. But the intention of the maker must be ascertained from all of its terms, and the surrounding circumstances. It is manifest that the first instrument was intended to vest, and does vest a present estate, and immediate right of enjoyment, to continue during the life of the grantor. The second instrument has direct relation to the first, and purports on its face to have been made for the purpose of correcting mistakes in the first. The maker declares her intention in making the second instrument—to reserve a life estate for herself, and at her death the property to pass absolutely to her beneficiaries. When it is considered that the second instrument was made to correct mistakes in the first, which is essentially a deed, and they are construed together, it seems a reasonable inference that the language quoted above was not intended to postpone the vesting of an interest or estate, but its enjoyment until the death of the maker. This question, however, it is unnecessary for us to decide, for the result is the same, whether the instrument be regarded a deed or a will.

The property conveyed was the statutory separate estate of Mrs. Trawick. It has been long and repeatedly settled that, under the statutes creating the separate estates of married women, the property of the wife can only be conveyed during coverture by an instrument of writing, jointly executed by the husband and wife, and attested by two witnesses, or properly acknowledged. The husband did not join in the execution of the conveyances, and could not have joined in a conveyance to himself. If the instrument be regarded as a deed, it is a nullity, inoperative to pass any right or title.—*Falk v. Hecht*, 75 Ala. 293; *Hammond v. Thompson*, 56 Ala. 589. If regarded a will, rights under it can not be asserted until admitted to probate in the proper forum. Other tribunals will not inquire into the mode and sufficiency of its execution, the capacity of the testator, the question of undue influence, or any other question, which is adjudged and settled by its probate in the proper forum, except as provided by statute. When rights are claimed under it, the judgment of the Probate Court, on which exclusive jurisdiction is conferred, establishing its authenticity and validity as a will, is the only evidence which can be received in other courts.—*Woods v. Matthews*, 53 Ala. 1.

It is contended, however, that as the complainants have attached a copy of the instrument as an exhibit to the bill,

[Trawick v. Davis.]

for the purpose of showing its invalidity, thus bringing it before the court, the defendants are not the actors, and the rule above stated does not apply. In support of this contention the case of *Tarver v. Tarver*, 9 Peters, 174, is cited. In that case, the instrument had been admitted to probate as a will, and the object of the bill was to have the probate declared void. The complainant was the actor, assailing the validity of the *probate*. It is said: "The complainant having set out the will, every thing, by his own showing, was before the court that was necessary to be decided." In the present case, the instrument is set out in the bill as a *deed*, and the defendants do not in their answer make any claim under it as a will, but as a conveyance. In their answer, they aver that Mrs. Trawick intended thereby to convey the fee, only reserving a life-estate. Its invalidity as a deed is the question presented to be decided. To avoid the decision of the question, whether it is a valid deed, the defendants now assert that the instrument is testamentary, and claim rights under it as a will. If it had been set up in the answer as a will, as to this matter and in this respect, they would be the actors, and the general rule applies. Whether considered as a deed or a will, the instrument presents no obstacle to granting relief to complainant, Mrs. Davis.

Amanda Pate and her husband were made defendants to the original bill. During the progress of the suit, the bill was amended on their petition, so as to make them complainants. To the bill, as thus amended, the other defendants filed an answer and a cross-bill, in which it was alleged that the matter in dispute had been compromised and settled between them and Amanda Pate and her husband, who had conveyed to them all their right and interest in and to the property. In their answer to the cross-bill, Amanda Pate and her husband admit the compromise, settlement and conveyance, and aver that they have no interest in the litigation.

The chancellor decreed, that the real estate and one half of the personalty be equally divided between the three children of Mrs. Trawick, Mrs. Pate being one. In this there is error; the portion of Mrs. Pate should have been allotted to Elijah and Thomas Trawick, to whom she had conveyed her interest.

G. N. Trawick, the husband, having died during the pendency of the suit, his life-estate in the real estate of his wife

terminated, and there was no further obstacle to a partition of the land among the heirs of Mrs. Trawick. On her death, her husband became entitled to one half of her personalty, which was properly decreed to his administrator. The pleadings present no question involving the rights of his grantees as against his administrator.

For the error mentioned, the decree must be reversed, and the cause remanded.