# Griffith *v.* Marsh.

*Statutory Action in nature of Ejectment.*

1. *Written instrument held to be deed, not will.*—A written instrument in the form of a deed, executed by husband and wife, under seal, using the ordinary words of conveyance, and containing a warranty of title; by which they convey lands to one of their children, on the recited consideration of services performed for them by her; attested by two witnesses, delivered to the grantee on the day of its date, and recorded a few days afterwards on proof by one of the subscribing witnesses,—is on its face a deed, although it contains a clause in these words: "And we agree that, at and after our death, the said Mary E. [grantee] is to have all the benefits of said lands in fee simple, but it is to belong to us as long as we or either of us shall live."

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. JESSE M. CARMICHAEL.

[Griffith v. Marsh.]

This action was brought by Celia A. Griffith and others, against Needham Marsh, to recover the possession of a tract of land, particularly described in the complaint; and was commenced on the 15th August, 1887. The plaintiffs seem to have sued as the children and heirs at law of Bartimeus M. Weekes, deceased, though the fact is nowhere stated in the record. "On the trial," as the bill of exceptions states, "the cause was submitted on the following agreed state of facts: That the verdict in this case shall be controlled by the construction and interpretation of a certain written instrument executed on the 29th July, 1881, by B. M. Weekes and Nancy Weekes to Mary E. Bond, which is herein below set out; that if said instrument is a deed, then the verdict shall be for the defendants; and if it is a will, then the title to the land is in the plaintiffs, and the verdict is to be for them. Said Mary E. Bond is dead, and B. M. Weekes is dead. Said instrument was delivered at its date to said Mary E. Bond, but it has never been probated and admitted to record. Said instrument is in the words and figures following:

"State of Alabama, ⎰ Know all men by these presents, that Coffee County. ⎱ we, Bartimeus M. Weekes and Nancy Weekes, his wife, for and in consideration of the fact that Mary E. Bond, daughter of said Bartimeus M. Weekes, has been with us, and waited on us in our afflictions, and to compensate her for the same, have this day bargained, sold and conveyed to the said Mary E. Bond the following property, to-wit," describing the lands sued for in this action; "and we, the said B. M. and Nancy Weekes, agree that, at and after our death, the said Mary E. Bond is to have all the benefits of said lands in fee simple, but it is to belong to us as long as we or either of us shall live. And we warrant and defend the title hereby conveyed, and bind our heirs, assigns and administrators to the same. Given under our hands and seals, this the 29th July, 1881."

This instrument was signed by said B. M. Weekes and wife, and attested by two witnesses; and to it were appended two certificates by the probate judge, one as to its probate on the testimony of one of the subscribing witnesses on the 6th August, 1881, and the other as to its filing for record on the same day; both of said certificates being in the usual form. "This being all the evidence, the court charged the jury, on request, that said instrument was a deed, and vested the title to said lands in said Mary E. Bond, at the date of

its execution and delivery; and that they should find for the defendant." The plaintiffs excepted to this charge, and they here assign it as error.

W. D. ROBERTS, for appellants, cited *Dunn v. Bank of Mobile*, 2 Ala. 152; *Shepherd v. Nabors*, 6 Ala. 631; *Kinnebrew v. Kinnebrew*, 35 Ala. 628; *Gillham v. Mustin*, 42 Ala. 365; *Jordan v. Jordan*, 65 Ala. 301.

J. D. GARDNER, *contra*.

STONE, C. J.—The fate of this case depends on the interpretation of a written instrument, executed by B. M. Weekes and wife to Mary E. Bond, bearing date July 29, 1881. The reporter will set out the instrument. In interpreting said instrument, the trial judge held it was a deed. If he was correct in that interpretation, there is no error in this record, and the judgement must be affirmed. The appellant contends that the paper title under which the suit was defended, is testamentary in character; and there being no probate of it as a will, it opposed no bar to the present suit, which is prosecuted by the heirs at law of Weekes, who executed the instrument.

In interpreting the deed or will, as we may find it to be, we have no aids, save those furnished by the instrument, its recitals, and the certificates attached to it. In form, it is in all respects a deed, unless the clause after noticed changes its character. It recites a valuable consideration, as distinguished from one merely good. It commences in the customary form of deeds, and contains words of bargain, sale and conveyance. It contains a covenant of warranty of title, binding the heirs of the grantor, and concludes as follows: "Given under our hands and seals, this 29th July, 1881;" is signed and sealed by Weekes and his wife, and attested by two subscribing witnesses. Apppended to it is a certificate of proof of its execution, made by one of the subscribing witnesses, before, and certified by the judge of probate, bearing date Aug. 6, 1881; and on the same day a second certificate of the judge of probate, that it was filed in his office for record, and recorded. And it is, as we have seen, executed by both Weekes and his wife. Now, these are all properties of a deed, and not of a will.

The instrument contains the following clause, and on it is based the contention that it is a will: "And we, the said B.

[Tanner & DeLaney Engine Co. v. Hall.]

M. and Nancy Weekes, agree that, at and after our death, the said Mary E. Bond is to have all the benefits of said lands in fee simple, but it is to belong to us, as long as we, or either of us shall live."

Certified proof of execution, and certificate of registration, in the absence of countervailing proof, not only raise the presumption of delivery, but are strongly pursuasive to show that parties themselves regarded the instrument as a deed.

In the present case, as we have no outside or attendant facts to aid us in its interpretation, we must deal with the writing as we find it. In *Sharp v. Hall*, at the present term, we showed that a deed may be made, and upheld as such, which reserves the entire use and enjoyment of the property to the grantor during life, and enures to the actual benefit of the grantee only at the death of the grantor.—*Elmore v. Mustin*, 28 Ala. 309; *Hall v. Burkham*, 59 Ala. 349; *Daniel v. Hill*, 52 Ala. 430.

We think we carry into effect the intention of the parties to the present contract, when we hold, as we do, that it was intended as a deed, and not as a will.

Affirmed.