# Crocker *v.* Smith.

*Statutory Action in nature of Ejectment.*

1. *Writing construed as will, and not deed.*—A written instrument in these words: "Know all men by these presents, that I, David Fleming, being moved and influenced, as I have uniformly been, from the natural love and affection which I have and bear for and towards my beloved wife, Sarah Ann Fleming, being able to provide well for her in after life, as well as for her present comfort, and that she may have and enjoy a permanent and substantial estate and property, and from the further consideration of one dollar, and further, that my said wife has aided me in the accumulation of the estate I am possessed of, I hereby give, convey and confirm unto my said wife and her heirs, in absolute right, all my entire estate, real and personal, and all manner of property I now or may hereafter own, except a negro girl;" "reserving a life-time estate and enjoyment of said property to myself, and for the payment of all my just debts; this deed of gift to take effect absolutely at my death, and to be valid and conclusive;" being signed by the grantor, attested by three witnesses, and admitted to record as a deed, on proof by one of the attesting witnesses, three years after its date, but not shown to have been delivered, nor to have been so proved and recorded during the life-time of the grantor,—is held to be a will and not a deed.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by B. F. and Thos. A. Smith, against Wiley E. Crocker, to recover plaintiffs' "undivided interest" in a certain tract of land, with damages for its detention, or use and occupation; and was commenced on the 9th December, 1890.   The bill of exceptions does not state any of the facts, except as follows: "Issue being joined on defendants' plea of not guilty, the following agreement was introduced in evidence:   If the instrument set out below shall be declared a deed by the court, then the plaintiffs recover; and if the in-

[Crocker v. Smith.]

strument shall be declared a will, then the verdict is to be for defendant, each party reserving the right of appeal to the Supreme Court." The instrument referred to is as follows:

"Know all men by these presents, that I, David Fleming, of the county of Pike and State of Alabama, being moved and influenced, as I have uniformly been, from the natural love and affection which I have and bear for and toward my beloved wife, Sarah Ann Fleming, being able to provide well for her in after life, as well as for her present comfort, and that she may have and enjoy a permanent and substantial estate and property, and from the further consideration of one dollar, and further that my said wife has aided me in the accumulation of the estate I am possessed of, I hereby give, convey and confirm unto my said wife and her heirs, in absolute right, all my entire estate, real and personal, lands, negroes, stock, and all manner of property I now or may hereafter own, except a negro girl named Elizabeth, aged four years, which girl I give, convey and confirm unto my sister-in-law, Margaret S. Carr, wife of Calvin Carr, of said county; reserving a life-time estate and enjoyment of said property to myself, and for the payment of all my just debts. This deed of gift to take effect absolutely at my death, and to be valid and conclusive. In testimony whereof, I, the said David Fleming, have hereunto set my hand and seal. Signed, sealed and delivered this 17th day of Sept., 1857."

This instrument was signed by David Fleming, and attested by three witnesses; and to it was appended a certificate by the judge of probate of its proof before him for registration as a deed, by one of the subscribing witnesses, on the 30th July, 1860. The court charged the jury to find for the plaintiffs, and this charge is here assigned as error.

ALEX. T. LONDON, with whom were W. L PARKS and JOHN GAMBLE, for appellant, cited *Elmore v Mustin*, 28 Ala. 309; *Adams v. Broughton*, 13 Ala. 731; *Golding v. Golding*, 24 Ala. 122; *Jordan v. Jordan*, 63 Ala. 301; *Trawick v. Davis*, 85 Ala. 342; *Sharp v. Hall*, 86 Ala. 110.

P. O. HARPER, *contra*, cited *Kyle v. Perdue*, 87 Ala. 423; *Griffith v. Marsh*, 86 Ala. 302; *Trawick v. Davis*, 85 Ala. 342; *Thompson v. Johnson*, 19 Ala. 59; *Elmore v. Mustin*, 28 Ala. 312; *Campbell v. Gilbert*, 57 Ala. 569; *Hall v. Burkham*, 59 Ala. 349.

CLOPTON, J.—The parties having agreed in the Circuit Court, that if the instrument executed by David Fleming,

[Crocker v. Smith.]

September 17, 1857, is construed to be a deed, judgment should be rendered for plaintiffs, and if a will, for defendant; and this being the only question on which any ruling was asked, or made by the court, the judgment on this appeal must also depend on the interpretation of the instrument.

The general characteristics which distinguish deeds from wills have been repeatedly declared; yet no definite, uniform test has been stated, by which to determine the character and operation of each particular instrument, and none can well be. The intention of the maker is the ultimate object of inquiry—whether it was intended to be ambulatory and revocable, or to create rights and interests at the time of execution which are irrevocable. If the instrument can not be revoked, defeated or impaired, by the act of the grantor, it is a deed; but, if the estate, title, or interest is dependent on the death of the testator—if in him resides the unqualified power of revocation—it is a will.—*Jordan v. Jordan*, 65 Ala. 306. Ordinarily, the intention is to be collected from the terms of the instrument, considered in the light of the surrounding circumstances; but, there being no proof of the circumstances under which the instrument was executed, consideration is necessarily limited to the operation of its terms.

The purpose and consideration are expressed as follows: "Being moved and influenced, as I have uniformly been, from the natural love and affection which I have and bear for and towards my beloved wife, Sarah Ann Fleming, being able to provide well for her in after life, as well as for her present comfort, and that she may have and enjoy a permanent and substantial estate and property, and from the further consideration of one dollar, and further that my said wife has aided me in the accumulation of the estate I am possessed of;" followed by these words of conveyance: "I hereby give, convey, and confirm unto my said wife and her heirs, in absolute right, all my entire estate, real and personal, lands, negroes, stock, and all manner of property which I now, or may hereafter own," excepting a negro girl, which was given to his sister-in-law. The instrument was sufficiently executed to operate as a deed or will, and has appended a certificate of proof of execution and of registration. It has been said that these facts raise the presumption of delivery, and are persuasive to show that the maker regarded the instrument as a deed; but they bear little, if any significance, in the absence of proof that the instrument was delivered or recorded in the life-time of the donor. The fact that it is designated on its face as a *deed of gift*, is ordinarily regarded of little moment, though it may become of more or less importance when, upon a com-

[Crocker v. Smith.]

parison of the terms of the instrument, and consideration of the bearing of each on the others, the meaning is ambiguous, and the mind is left in doubt as to the intention of the maker. Though the instrument may be in the form of a deed of gift, and designated as such, it is a will, if its purpose be testamentary—if it can not operate during life, and is only consummated by death.—*Dunn v. Br. Bank of Mobile*, 22 Ala. 152. While the passing of present and immediate right of possession and enjoyment is not essential to constitute the instrument a deed, and the reservation of the use and enjoyment of the property to the grantor during his life does not, of itself, make it a will; yet, if it has not present effect, in fixing the terms of such future enjoyment, and requires the death of the alleged testator for its consummation—when the interest and enjoyment are posthumous—it is a will, if properly executed as such.—*Trawick v. Davis*, 85 Ala. .342; *Griffith v. Marsh*, 86 Ala. 302; *Sharp v. Hall*, 86 Ala. 110; *Elmore v. Mustin*, 28 Ala. 304.

By reference to the instrument it will be observed, that the right or interest which it purports to pass is not only of all the property, real and personal, which the maker then owned, but also of all that he might *thereafter* own. It is manifest, in the absence of covenants of warranty, it is ineffectual to convey property thereafter acquired; as to such property, it can have no operation as a deed, but may as a will. In doubtful cases, the instrument will be pronounced a will, when it can not have operation as a deed but may as a will.—*Sharp v. Hall, supra.* The inclusion of after-acquired property seems to indicate an intent that the instrument should not pass any present right or interest. Also, the last clause reads as follows : "Reserving a life-time estate and enjoyment of said property to myself, and for the payment of my just debts. This deed of gift to take effect absolutely at my death, and to be valid and conclusive." The reservation is not only of a life-time estate and enjoyment, but also of all the property for the payment of his just debts. All the property is made subject to the payment of debts thereafter contracted, and only so much of the estate as remains after the death of the donor, and the payment of his debts, can pass by the terms of the instrument—tantamount to a general power of disposition. Furthermore, it is expressly provided that it shall not take absolute effect until his death, at which time it is to be valid and conclusive. When there is a reservation of a general power of revocation or disposition, and a provision that the instrument shall not be in force or take effect until the death of the maker, it is, in its nature, ambulatory and revocable.

[Highland Avenue & Belt Railroad Co. v. Donovan.]

"When there is a general reservation—or something like a reservation—of the maker's right to deal with the property as his own, notwithstanding the instrument, and no conclusive effect can be given to it until the death of the maker, the law regards the instrument as testamentary."—*Gillham v. Mustin*, 42 Ala. 365. The reservation of the property for the payment of his debts, and the provision as to the time when it should take effect, seem to have been incorporated for the purpose of limiting or qualifying what might otherwise be the legal operation of the preceding words, "give, convey, and confirm in absolute right." Applying the foregoing principles and tests, we are forced to pronounce the instrument to be a will.

Reversed, and judgment rendered for defendant.