[Abney *et al.* v. Moore, Admr.]

# Abney *et al.* v. Moore, Admr.

### *Statutory Action of Ejectment.*

1. *Whether written instrument is a will or a deed.*—In determing whether a written instrument is a deed or a will, it must first be determined whether the instrument is so executed as to operate as either, and then the material and controlling inquiry is, as to the effect and operation the maker intended it to have—whether he intended it to pass a present right, interest or estate, or whether he intended it should not take effect until after his death; and this intention is to be ascertained, not only from the instrument itself, but from the light of facts and circumstances attendant upon its execution.

2. *Deed; when the fact that title is to vest after maker's death does not make instrument a will.*—When an instrument conveying land from father to his children is in form an absolute deed and its execution is duly acknowledged and certified, but is not attested by subscribing witnesses, and upon its execution was delivered to the grantees, and the grantor lived on the land together with the grantees until his death, without attempting to make any other disposition of the land, and there is in the instrument the express provision "that this conveyance is not to take effect until after my death, and that, after my death, the title to the foregoing lands is to vest immediately in my said children;" such instrument is a deed, vesting title upon its delivery, but reserving to the grantor the use and enjoyment of the land during his life time, and postponing the operation of the conveyance, so far as possession was concerned, until his death

Appeal from the Circuit Court of Chilton.

Tried before the Hon. N. D. Denson.

This was a statutory real action in the nature of ejectment, brought by the appellee, P. M. Moore, as the administrator of the estate of William Walker, deceased, against the appellants, the heirs at law of said William Walker, deceased; and sought to recover certain lands specifically described in the complaint. The defendants pleaded the general issue, and by special plea that the lands sued for had been conveyed to them by deed from their ancestor, the intestate of plaintiff. Issue being joined on these pleas, the cause was tried by the court, without the intervention of a jury, upon an agreed statement of facts, which were substantially as follows: On

February 13, 1880, the plaintiff's intestate was the owner in fee of the lands sued for and described in the complaint, was in possession of the same, and residing thereon with his family, the defendants. On the said 13th day of February, 1880, the said William Walker executed and delivered to the defendants a written instrument, which was as follows: ''Know all men by these presents that I, William Walker, a resident of the county of Chilton and State of Alabama, for and in consideration of the natural love and affection I have and bear unto my children, hereinafter named, besides the further sum of ten dollars to me in hand paid by my said children, to-wit, [naming the defendants in the present suit], the receipt whereof is hereby acknowledged, have given, granted, bargained, sold and conveyed, and by these presents do give, grant, bargain, sell and convey unto my said above named children, their heirs and assigns, all my right, title and interest and estate to and in the following described lands, lying in the said county of Chilton and State of Alabama, towit: [Here follows a description of the lands sued for]; to have and to hold unto my said above named children, their heirs and assigns, together with all and singular the tenements and appurtenances thereto belonging, or in any manner thereto pertaining to the same, provided always, and it is expressly understood, that this conveyance is not to take effect until after my death, and that at my death the title to the foregoing described lands are to vest immediately in my said children. In testimony of the same, I have hereunto set my hand and. seal, this the 13th day of February, A. D., 1880. [Signed] William Walker, (Seal.) '' This deed was properly acknowledged before a notary public, whose certificate of acknowledgement was attached to the deed.

The said William Walker was in continuous possession of said lands until his death, exercising acts of ownership over them, and the defendants resided on said lands with him until sometime in January, 1891, when said William Walker died; and since his death the defendants have been in the continuous possession and occupancy of said lands, claiming title to the same; and were in possession of said lands at the time of the trial. On May the 16th, 1893, letters of administration were granted to the plaintiff at the instance of J. S. Johnson,

[Abney *et al.* v. Moore, Admr.]

who was a creditor of said William Walker, deceased. It was further agreed that the defendants were the only heirs of said William Walker, deceased, and the deed executed to them was the only deed ever executed by said Walker which conveyed the lands sued for.

The plaintiff offered in evidence a promissory note executed by said William Walker, deceased, to J. S. Johnson, for the purpose of showing an indebtedness due from the deceased that would authorize the granting of the letters of administration at the suit of the said Johnson.

Upon the hearing of the cause, the court rendered judgment for the plaintiff. The defendants prosecute the present appeal, and assign as error, the rendition of this judgment in favor of the plaintiff.

G. H. CRAIG and DOSTER & ABNEY, for appellants.— The instrument, the construction of which is the subject of contention in this case, is a deed and not a will. *Griffith v. Marsh*, 86 Ala. 302 ; *Sharp v. Hall*, 86 Ala. 110; *Trawick v. Davis*, 85 Ala. 342 ; *Jordan v. Jordan*, 65 Ala. 301 ; *Daniel v. Hill*, 52 Ala. 430 ; *Hall v. Burkham*, 59 Ala. 349 ; *Golding v. Golding*, 24 Ala. 122 ; *Elmore v. Mustin*, 28 Ala. 309 ; *Rice v. Rice*, 68 Ala. 216 ; 1 Jarman on Wills, 12.

HOUGHTON & COLLIER, *contra.*—1. The agreed facts in this case show that Walker died in possession of the lands sued for in this action ; that Moore is the duly appointed and qualified administrator of his estate ; that there was no personal property belonging to said estate, and that said William Walker was largely indebted to Johnson at the time of his death, which claim was presented to the administrator within the time provided by law. Under these facts, it can not be questioned that the administrator is entitled to recover possession of the lands sued for in this action, every requirement essential to such recovery being clearly shown.—*Lee v. Downey*, 68 Ala. 98; *Banks v. Speers*, 97 Ala. 560.

2. The controlling question in determining whether a written instrument is a deed or will, is, whether or not said written instrument is to take effect prior or subsequent to the maker's debt. If the former, it is a deed; if the latter, it is a will.—*Gillham v. Mustin*, 42 Ala. 365 ; *Jordan v. Jordan*, 65 Ala. 301 ; *Crocker v. Smith*, 94 Ala. 295.

HARALSON, J.—The instrument to be construed,— which will be set out in the report of the case,—perfect in form as a conveyance, concludes with the following provision : "Provided always, and it is expressly understood that this conveyance is not to take effect until after my death, and that, at my death, the title to the foregoing described lands are to vest immediately in my said children." These are the only words employed in the instrument to suggest the idea that it is a will and not a deed.

"In determining whether an instrument be a deed or will, the main question is, Did the maker intend any estate or *interest* whatever to vest before his death, and before the execution of the paper? Or, on the other hand, did he intend that all the interest and estate should take effect *only* after his death? If the former, it is a deed ; if the latter, a will ; and it is immaterial whether he calls it a will or a deed, the instrument will have operation according to its legal effect." *Gillham Sisters v. Mustin,* 42 Ala. 366 ; *Trawick v. Davis,* 85 Ala. 345.

Another rule of construction in such cases is, that when the paper on its face is equivocal, the presumption is against its operating as testamentary, unless it is made clearly to appear that it was executed *animo testandi,* or being intended by the maker to operate as a posthumous disposition of his estate.—*Rice v. Rice,* 68 Ala. 218 ; 1 Redf. Law of Wills, 170-2. When the paper can have no effect as a deed, the court will incline to regard it as a will, if in that character, effect can be given to the evident intent of the maker, which at last is the question of controlling importance.—*Trawick v. Davis,* 85 Ala. 345, *supra; Sharp v. Hall,* 86 Ala. 114 ; *Adams v. Broughton,* 13 Ala. 731.

Wills are ambulatory during the life of the testator, and are necessarily revocable ; but deeds take effect by delivery, and are operative and binding during the life of the grantor. As was said in *Crocker v. Smith,* 94 Ala. 297 : "The intention of the maker is the ultimate object of the inquiry,—whether it was intended to be ambulatory and revocable, or to create rights and interests at the time of the execution which are irrevocable. If the instrument cannot be revoked, defeated or impaired, by the act of the grantor, it is a deed ; but if the estate, title,

or interest is dependent on the death of the testator,—if in him resides the unqualified power of revocation,—it is a will."—*Jordan v. Jordan,* 65 Ala. 306.

In the case before us, we have as perfect a fee simple deed as can be drawn to convey land from the grantor to the grantee, and the only condition prescribed upon its operation *in presenti* is the one we have quoted above. It was executed without the attestation of a witness, so as to make it a will in any event. We must presume the maker knew that a will could not be executed without a witness, and this is a fact of very controlling importance, when the intention in the execution of the instrument is sought. Construing his intentions by his acts, he must have known, that an acknowledgment before a notary public in due form, was sufficient to make the paper a deed, so far as related to its execution, and that this was not sufficient for its legal execution as a will. The grantor delivered the instrument the day he executed it, to the grantees, who were his children ; he reserved in it no power of revocation ; he continued to live on the lands with his children, in possession and control of them during his life, and never made any other disposition of them. Under these circumstances, we must hold, that when he provided that the conveyance was not to take effect until after his death and that at his death "the title to the foregoing lands are to vest immediately in my said children," he intended no more than to reserve to himself the use and enjoyment of the property during his life time, and that the operation of the gift, so far as possession was concerned, was to be postponed until his death, up to which time, the property was to remain, not his own but as his for use and enjoyment.

If this was not his intention, why should he have gone to the trouble and care to make and execute a paper, which he called a conveyance in its body, perfect in form, as an absolute conveyance,—such as is usually employed for such a purpose,—and which is unusual and unnecessary in making a will ; and have acknowledged it in the manner most usually employed to make it a deed, but never effectually done, and generally known to be ineffectual, to make it a will ; and have delivered it to the grantees,—the usual and necessary mode of perfecting a deed, and not usual or necessary to make a will

operative,—and have reserved no power of revocation; why should he have done all this, so like the conduct of one intending· to make a conveyance *in présenti*, if his intention was not to pass the title until after his death? He had already used the proper and necessary words to make an absolute, vested title by the instrument in his children, and when he provided that the conveyance should not take effect until after his death, when the title should immediately vest, he necessarily meant,—if we are to give effect to what he was doing,—to use the word *title* in this connection, as the synonym of possession, which at his death should pass to the grantees. Such a construction comports, as we have shown, with the general tenor of the deed, and is sanctioned by reason and authority. Any other construction would defeat the instrument either as a deed or will, a result which should be avoided, if it can be upheld as either. *Golding v. Golding*, 24 Ala. 126; *Elmore v. Mustin*, 28 Ala. 313; *McGuire v. The Bank*, 42 Ala. 591; *Hall v. Burkham*, 59 Ala. 353; and authorities cited *supra*,

The plaintiff as administrator of the deceased grantor had no right of recovery in this case. The creditor, Johnson, if entitled to payment of his note out of the land, must seek relief in another forum.

Reversed and dismissed.