# Phillips, *et al. v.* Phillips, *et al.*

## *Forcible Entry and Detainer.*

(Decided February 12, 1914. Rehearing denied April 16, 1914.
65 South. 49.)

1. *Forcible Entry; Removal of Cause From Justice Court.*—It is not necessary, under section 4283, Code 1907, providing for the removal of a forcible entry and detainer suit from the justice of the peace court to the circuit court, that all of several defendants shall sign and verify the petition, it being sufficient if the petition shows the required facts verified by any defendant.

2. *Same; Title of Plaintiff; Burden of Proof.*—The burden is on plaintiff to show either a superior title in himself or that defendant had forcibly entered and unlawfully detained.

3. *Same; Acts Constituting.*—The act of cutting through an inside fence as an act separate and apart from a prior entry on and possession of the premises as a whole, is not a forcible entry on the premises, and will not support an action for forcible entry and detainer.

4. *Remainders; Limitation; Prescription.*—Neither limitation nor prescription will run against a grantee invested with an estate in fee, but not entitled to possession before the grantor's death, until after the death of the grantor.

5. *Wills; Deed or Will; Reservation of Life Estate.*—A deed duly executed, acknowledged, delivered and recorded, reciting that the grantor for valuable and other consideration grants, bargains, sells and conveys to the grantees certain described real estate, "this deed not to take until after my death," conveys the title to the grantee subject to the life estate of the grantor, and is not testamentary in character.

6. *Appeal and Error; Questions Reviewable; Theory in Trial Court.*—Where the case was tried in the circuit court as involving title as in ejectment, this court will adopt the same theory on appeal.

7. *Same; Questions Presented; Affirmative Charge.*—The request for a general affirmative charge is not sufficient to raise the question of defect in proceedings for the removal of cause of forcible entry and detainer from the justice to the circuit court, as will operate to exclude defendant from the benefit of the statute as to a trial in the circuit court.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Forcible entry and detainer by J. M. Phillips and others against Mary Phillips and others. From a judg-

ment for plaintiffs, defendants appeal. Reversed and remanded.

The defendants were E. J. Phillips and Mary Phillips, his daughter, who removed the cause to the circuit court under the provisions of section 4283, Code 1907. The petition in due form was signed only by E. J. Phillips, but contained the following: "Your petitioners further allege that the said defendants entered on said land peaceably, and under claim of title,  *  *  * and that petitioner bona fide desires to contest with plaintiff the title to said land." The preliminary order required petitioner, E. J. Phillips, and Mary Phillips to enter into bond, and the bond recites, "Whereas, the undersigned, Mary Phillips and E. J. Phillips, have this day obtained an order," etc., and is executed by both of them. The writ recites that it was granted to the defendant in the case wherein J. M. Phillips et al. are plaintiffs and Mary Phillips defendant. The notice to plaintiff recites that Mary J. and Eliza Phillips have obtained a writ of certiorari. Both plaintiffs and defendants offered in evidence a number of deeds back to a common source, to wit, Jefferson Phillips. Plaintiffs' claim depends on a deed executed by Jefferson Phillips to Sophia Sanders on August 8, 1881; and the defendants' claim depends upon the deed executed by Jefferson Phillips to Abigail Phillips on August 10, 1861. Defendants offered in evidence an instrument executed by Abigail Phillips, in words and figures as follows: "State of Alabama, Walker County. Know all men by these presents, that for and in consideration of $1 in hand paid by Eli J. Phillips, and the love and affection which I have for my brother Eli J. Phillips, I do by these presents grant, bargain, sell, and convey to the said Eli J. Phillips the following described real estate, to wit:  N. W. $\frac{1}{4}$ of S. E. $\frac{1}{4}$, Sec. 22, N. W. $\frac{1}{4}$ of N.

W. ¼, Sec. 27, T. 14, R. 5 W., and S. W. ¼ of N. E. ¼, and S. E. ¼ of N. W. ¼, S. 22, T. 14, R. 5 W., and N. E. part east of Black Warrior river of fractional 22, T. 14, R. 5 W., being 139 acres and 95/100. And I, Abigail Phillips, do hereby acknowledge that I am lawfully seised of such premises, that I have a good right to convey the same, and that said premises were free from all insumbrances. Witness my hand and seal this 5th day of January, 1866. This deed not to take until after my death. Abigail Phillips." Signed by mark. Witnessed by Jefferson Phillips, Sr., and William Gravlee, and acknowledged in the usual form before Moses Cammack, judge of probate, and duly recorded. On the objection of plaintiffs that the paper was testamentary in character, and not a conveyance of title, it was excluded from the evidence. Proof was then made that Abigail Phillips, the grantor, had died four years before and the instrument was again separately offered in evidence by each defendant, and, upon objection, again excluded by the court. The evidence for the plaintiffs showed that they and their predecessors in title had held continuous possession of the land in suit for nearly 30 years prior to 1910, when defendant E. J. Phillips took possession now held by him and his daughter. Plaintiffs' evidence tended to show that some time after E. J. Phillips had entered upon the land he cut through a fence, and went into an inclosed field, a part of this land. This was denied by him, and his testimony tends to show a peaceable entry by himself afterwards shared in by his daughter, Mary, to whom he had previously conveyed the land. Both plaintiffs and defendants requested the affirmative charge, defendants requesting same jointly and separately. The court gave the affirmative charge for the plaintiffs.

NORMAN GUNN and W. C. DAVIS, for appellant. The instrument was a deed reserving life estate in the grantor with remainder to the grantee.—1 Dev. on Real Est. 543; 2 Am. St. Rep. 344; 140 Ind. 533. The tendency is to uphold deeds when not repugnant to some well defined rules of law.—*Abney v. Moore,* 106 Ala. 131; *Trawick v. Davis,* 85 Ala. 345; 56 Ga. 513; 93 Cal. 671. Limitations and prescriptions do not run against the remaindermen until the falling in of the life estate.

A. F. FITE and JOHN H. BANKHEAD, JR., for appellee. Where petitioners entered upon the land forcibly, they are not entitled to try title in the circuit court, notwithstanding their petition for removal, and hence, plaintiff was entitled to recover regardless of the state of the title.—*Brown v. French,* 148 Ala. 272; *Fowler v. Pritchard,* 148 Ala. 268; *Mallon v. Moog.* 121 Ala. 324. The instrument relied on was testamentary in character and not a conveyance of present interest in land.— *Gilham v. Martin,* 42 Ala. 365; *Trawick v. Davis,* 85 Ala. 345; *Pitten v. McFall,* 122 Ala. 623; *Gomez v. Higgins,* 130 Ala. 493.

SOMERVILLE, J.—Under section 4283 of the Code, providing that "any defendant in a suit for forcible entry and detainer or unlawful entry and detainer may remove such action" from the justice to the circuit court, and requiring, to that end, that "the defendant desiring to remove such case shall file a sworn petition" to a judge of some court of record, it is not necessary for all of several defendants to sign and make oath to the petition. It is sufficient if the petition shows the facts required, and their verity is attested by the oath of any defendant.

It clearly appears from the removal proceedings, including the bond, notice, and final order, that both of

these defendants shared in the procurement of the removal of the cause, and, if there had been any defect which might exclude Mary Phillips from the benefit of the statute as to the trial in the circuit court, that result could not be achieved by means of a request for the general affirmative charge.

The whole course of the trial and the judgment itself show that the issue was upon the title, as in ejectment, and we would be impelled to so regard it here.—*Fearn v. Beirne,* 129 Ala. 435, 441, 29 South. 558.

Manifestly the decisive question in the case is whether the instrument executed by Abigail Phillips to Eli J. Phillips in 1866 was a contemporaneous conveyance of the land, or was purely postumous in its operation; in short, whether it was a deed or a will. Courts have undertaken in innumerable cases to prescribe the general tests by which the character of an instrument in this regard is to be determined; but, while there seems to be a substantial uniformity of opinion as to the general principles to be applied, the cases themselves exhibit the utmost contrariety in the particular conclusions reached, even in the same jurisdictions. Nothing of value can be added to what has already been written by the most eminent jurists and commentators. The following decisions of this court discuss and illustrate the question: *Adams v. Broughton,* 13 Ala. 731; *Golding v. Golding,* 24 Ala. 122; *Elmore v. Mustin,* 28 Ala. 309; *Gregory v. Walker,* 38 Ala. 26; *Gillham v. Mustin,* 42 Ala. 365; *McGuire v. President and Directors' Bank of Mobile,* 42 Ala. 589; *Daniel v. Hill,* 52 Ala. 430; *Jordan v. Jordan,* 65 Ala. 301; *Trawick v. Davis,* 85 Ala. 342, 5 South. 83; *Sharp v. Hall,* 86 Ala. 110, 5 South. 497, 11 Am. St. Rep. 28; *Griffith v. Marsh,* 86 Ala. 302, 5 South. 569; *Crocker v. Smith,* 94 Ala. 295, 10 South. 258, 16 L. R. A. 576; *Kelly v. Richardson,* 100 Ala. 584,

13 South. 785; *Abney v. Moore,* 106 Ala. 131, 18 South. 60; *Whitten v. McFall,* 122 Ala. 619, 26 South. 131; *Mays v. Burlesen,* 180 Ala. 396, 61 South. 75.

The deed here in question is in form a present grant of the land. It was acknowledged, delivered, and recorded within 15 days after the recited date of its execution. That it was the grantor's intention to thereby effect a contemporaneous transfer of title to the grantee seems reasonably certain, and the concluding sentence, "This deed is not to take [effect] until after my death," was clearly but a clumsy and inartificial mode of reserving to the grantor the possession and enjoyment of the land so long as she might live.

We therefore hold that the instrument was a deed which conveyed the title to Elijah J. Phillips, subject to a life estate reserved to the grantor. This conclusion is fully and specifically supported by the case of *Abney v. Moore,* 106 Ala. 131, 18 South. 60; and substantially by the cases of *Golding v. Golding,* 24 Ala. 122; *Elmore v. Mustin,* 28 Ala. 309; *Gregory v. Walker,* 38 Ala. 26; and *Griffith v. Marsh,* 86 Ala. 302. A dictum to the contrary in *Trawick v. Davis,* 85 Ala. 342, 5 South. 83, cannot be approved or followed. It may be noted also that our early cases of *Dunn v. Bank of Mobile,* 2 Ala. 152, and *Shepherd v. Nabors,* 6 Ala. 631, are perhaps not in harmony with the later decisions.

In addition to these precedents of our own the great weight of modern authority is in clear accord.—*Hunt v. Hunt,* 119 Ky. 39, 82 S. W. 998, 68 L. R. A. 180, 7 Ann. Cas. 788, and note, 790; *Wilson v. Carrico,* 140 Ind. 533, 40 N. E. 50, 39 Am. St. Rep. 213, and note, 219; *Seals v. Pierce,* 83 Ga. 787, 10 S. E. 589, 20 Am. St. Rep. 344; *Shackelton v. Sebree,* 86 Ill. 616; *Lauck v. Logan,* 45 W. Va. 251, 31 S. E. 986; *West v. Wright,* 115 Ga. 277, 41 S. E. 602; *Wyman v. Brown,* 50 Me.

139; *Bunch v. Nicks*, 50 Ark. 367, 7 S. W. 563; *Abbott v. Holway*, 72 Me. 298; *Owen v. Williams*, 114 Ind. 179, 15 N. E. 678; *Matter of Hall*, 149 Cal. 143, 84 Pas. 839. See, also, 1 Devlin on Deeds (3d Ed.) § 309a; 2 Devlin on Deeds (3d Ed.) §§ 855a, 855b, 855c; 40 Cyc. 1085; and note to *Ferris v. Neville*, 89 Am. St. Rep. 494, where many authorities, both pro and con, are collected and discussed.

It results from the conclusion stated that by the death of Abigail Phillips, about the year 1908, Elijah J. Phillips became invested with an estate in fee simple; and, not being entitled to the possession theretofore, neither limitations nor prescription could run against his title until thereafter.

The burden was on plaintiffs to show either a superior title in themselves, or a forcible entry or unlawful detention by defendants.—*Daniel v. Williams*, 177 Ala. 140, 58 South. 419.

There is no evidence whatever that either of the defendants entered in recognition of plaintiffs' title and in subordination thereto. The only hint of a forcible entry is found in the testimony of J. W. Phillips, one of the plaintiffs, that Elijah J. Phillips, while in possession of the premises, and after plaintiffs' demand upon him to surrender the possession, acquired some time before, "cut through a fence," and went into a field and took possession and plowed. Cutting through an inside fence, as an act separate and apart from the previous entry upon and possession of the premises as a whole, is not a forcible entry upon the premises, and will not support the action.

It is clear, therefore, the plaintiffs were not entitled to the general affirmative charge, as given by the court; and equally clear, we think, that defendants were entitled to such a charge, as requested by them. In both

particulars the trial court erred, and the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.


