# Josey *v.* Johnston.

### Bill for Partition.

(Decided November 23, 1916.  73 South. 27.)

1. **Deeds; Construction; Intention.**—In construing a deed to take effect at the grantor's death, the intention of the grantor must be the test in considering the character of the instrument.

2. **Wills; Deeds; Distinguished.**—A warranty deed executed by deceased to his daughter, in consideration of love and affection, to take effect at and after his death, executed on the same day and at the same time deceased was dividing his land among his childrn, indicated an intention of the testator that it operated as a deed, and will be so construed, and not construed as a will.

3. **Deeds; Mental Capacity.**—The evidence examined and held sufficient to sustain a finding that the deed in question was void and ineffective because of the mental incapacity of the grantor.

APPEAL from Conecuh Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by J. B. Johnston against Betty Josey and others for partition of land. From a decree for complainant the named respondent appeals. Affirmed.

Bill by appellee, against appellant and others, seeking the sale of a certain 80 acres of land described therein, for division among the parties to the suit as tenants in common. The land described

[Josey v. Johnston.]

in the bill was originally owned by one William Davison, the father of complainant's wife and of respondent, Bettie Josey. The evidence shows that on November 17, 1894, the said William Davison divided all the property owned by him among his children, and that each of them went into the possession of the respective tract of land so given. One of the children, an unmarried daughter, M. M. Davison, resided with her father upon the 80 acres here in controversy. At the time he conveyed the several portions of his land referred to, William Davison executed to his said daughter the following instrument, which is referred to in the opinion in this cause:

"The State of Alabama, Conecuh County.

"Know all men by these presents: I, William Davison, that for and in consideration of the love and affection which I bear towards my beloved daughter, M. M. Davison, do hereby give, grant and convey unto the said daughter, M. M. Davison, the following described real estate, to wit: South half (S½) of Southeast (SE¼) of section seventeen (17), township four (4), range twelve (12), said to contain eighty (80) acres, more or less; to have at my death, situated, lying and being in the county of Conecuh and state of Alabama, to have and to hold to the said M. M. Davison, her heirs and assigns forever, after my death. And I do for myself and heirs, executors and administrators covenant with the said M. M. Davison, her heirs and assigns, that I am lawfully seized in fee simple of said premises; that they are free from all incumbrances, and that I have a good right to give and convey the same as aforesaid; that I will, and each of my heirs, executors and administrators shall warrant and defend the same to the said M. M. Davison, her heirs, executors and assigns forever against the lawful claims of all persons.

"Given under my hand and seal, this the seventeenth day of November, 1894.

'William Davison. [L. S.]

"Attest: Alex T. Thames, J. P.
    "J. B. Davison.
"The State of Alabama, Conecuh County.

"I, Alex T. Thames, a justice of the peace in and for said county, hereby certify that William Davison, whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day, that being informed of the

[Josey v. Johnston.]

contents of the conveyance he executed the same voluntarily on the day the same bears date.

"Given under my hand this 17th day of November, A. D. 1894.

"Alex T. Thames, J. P."

Indorsement thereon.

"The State of Alabama, Conecuh County. William Davison to M. M. Davison. Warranty Deed. The State of Alabama, Conecuh County. Office of Judge of Probate. I hereby certify that the within deed was filed in this office for record on the 8th day of April, 1897, at 11 o'clock A. M., and duly recorded in Book W of Deeds, page 69, and examined. Robt. A. Lee, Judge of Probate. Recording fee, $0.25, paid."

M. M. Davison continued to reside with her father on this 80 acres of land to the time of her death in September, 1904, but there is evidence tending to show that the property was assessed in her name, and that the taxes were paid by her. After her death respondent, Bettie Josey, and her husband moved on this land and lived with William Davison for a shore time, something less than two months, and while they were there a deed was executed by said William Davison to Bettie Josey and her husband, giving to them the land in controversy. This deed complainant insists was procured through undue influence of the grantees, and further insists it is ineffective on account of the mental incapacity of the grantor. There was evidence tending to show mental incapacity on the part of Davison to execute a deed or to transact any of the ordinary business affairs of life, the grantor being at the time of said conveyance nearly 85 years of age. Respondent, Bettie Josey, insists: First, that the instrument above set out was not a deed, but a will, conveying no present interest in the said M. M. Davison, and that therefore the deed to herself and husband vested in them the fee-simple title; and, secondly, that if it be held that the instrument is a deed, their interest as tenants in common was enhanced by the deed from the father, who had previously inherited from the deceased daughter. The chancellor held the said instrument to be a deed, and that the deed from Davison to respondent, Bettie Josey, and her husband, was void and ineffective on account of the mental incapacity of the grantor, and granted to complainant the relief sought. From this decree respondent prosecutes this appeal.

[Josey v. Johnston.]

J. F. JONES, for appellant.  POWELL & HAMILTON, for appellee.

GARDNER, J.— (1, 2) There are but two questions presented for consideration on this appeal.  The first, and the one of prime importance, concerns the proper construction to be placed on the instrument executed by William Davison to his daughter, M. M. Davison, November 17, 1894, set out in the foregoing statement of the case.  This instrument was executed on the same day and at the same time the grantor was dividing his land among his children.  The grantee, said unmarried daughter, as stated, was residing with her father on this 80 acres, which was the home place; and we are reasonably satisfied from the evidence that this instrument was delivered by the grantor to the grantee immediately following its execution.  The indorsement thereon shows that it was recorded in April, 1897.  The general principles to be applied by the courts, in determining whether an instrument is a deed or a will, have been many times stated in the numerous cases decided in this court, and need no repetition here.  Nothing of value can be added to what has already been said upon the subject.  Some of the most helpful decisions of this court, as well, also, as of other jurisdictions, are to be found collated in the recent case of *Phillips v. Phillips,* 186 Ala. 545, 65 South. 49, Ann. Cas. 1916D, 994.  The intention of the grantor must be the polestar in considering the character of the instrument.—*Mays v. Burleson,* 180 Ala. 396, 61 South. 75.  Upon a careful consideration of the language of the above-quoted instrument, and of the surrounding facts and circumstances here disclosed, we are of the opinion that it was the grantor's intention that it operate as a deed. We, therefore, so construe it.—*Phillips v. Phillips, supra; Jenkins v. Woodward Iron Co.,* 194 Ala. 371, 69 South. 646; *Abney v. Moore,* 106 Ala. 131, 18 South. 60.

(3) The evidence discloses that very soon after respondent and her husband moved to the home of Davison, immediately following the death of the daughter, M. M. Davison, a deed was executed by William Davison, who was then nearly 85 years old, conveying to them this 80 acres of land, as well as all other property owned by him, that soon thereafter respondent and her husband left this home place, and that William Davison was then taken in charge by complainant.  There is evidence tending to show that said Davison was in very feeble health and of unsound

mind at the time of the execution of the deed to respondent. It would serve no purpose to discuss the evidence touching the mental incapacity of Davison. Suffice it to say that upon a most careful review of all the evidence in the case on this question, we are persuaded that the chancellor was fully justified in holding the deed to Bettie Josey and her husband, bearing date of October 7, 1904, ineffective and void.

We conclude, therefore, that the decree of the court below was in all respects correct, and it is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.