(88 South. 675)

**GLOVER et al. v. WEBB.** (2 Div. 737.)

(Supreme Court of Alabama. April 21, 1921.)

**1. Deeds ⬤⟂194(5) — Delivery presumed from filing for record.**

The filing of an instrument for record invites the conclusion that the instrument, if a deed, was perfected by delivery.

**2. Wills ⬤⟂88(3)—Instrument conveying land upon grantor's death construed a deed, and not a will.**

An instrument, reciting that it was not intended to convey any right or title until after grantor's death, held to be a deed, and not a will, and its effect was to reserve to grantor the right to possession and enjoyment during his life.

**3. Deeds ⬤⟂113—Grant of "all" lands heretofore "owned" by grantor's father at time of death included lands which the father had deeded to his children reserving a life estate.**

Where the grantor, to discharge his heavy indebtedness to the grantee deeded lands in a certain county, described as "all of the right, title and interest of the said G. (grantor) in and to all lands heretofore owned by his father,

W. G., deceased, at the time of his death, situated" in that county, *held* that the word "owned" would not be restricted to signify absolute ownership in fee, but would be read as applying, not only to lands in which grantor's father held the fee at the time of his death, but also to lands which the father had conveyed during his life, but in which he had reserved a life estate especially in view of the fact that the grantee at the time of the conveyance had taken possession of such lands as being included in the deed; for the use of the word "all" in defining both the estate and the property conveyed characterized the grantor's intent with an effective comprehension inconsistent with the view that the word "owned" was designed to refer only to the father's ownership in fee (citing Words and Phrases, First and Second Series, All; Own).

Appeal from Circuit Court, Greene County; R. I. Jones, Judge.

Ejectment by Isora Amelia Glover and others pro ami against George T. Webb. Judgment for defendant, and plaintiffs appeal. Affirmed.

Harwood, McKinley, McQueen & Aldridge, of Eutaw, for appellants.

The instrument is a deed, and not a will, 172 Ala. 48, 55 South. 161; 106 Ala. 131, 18 South. 60; 201 Ala. 11, 75 South. 302; 148 Ala. 339, 42 South. 450; 186 Ala. 545, 65 South. 49, Ann. Cas. 1916D, 994; 180 Ala. 396, 61 South. 75; 194 Ala. 371, 69 South. 648. Webb acquired no title or interest in any land not owned in fee by Williamson Glover at the time of his death. 129 Ala. 432, 29 South. 592; 156 Ala. 163, 47 South. 75; 112 Ala. 539, 20 South. 952; 108 Ala. 581, 18 South. 554; 201 Ill. 292, 66 N. E. 357; 21 Or. 339, 28 Pac. 78.

R. B. Evins, of Greensboro, Edward De Graffenried, of Tuscaloosa, and William Hawkins, of Eutaw, for appellee.

The deed from Glover to Webb conveyed Glover's interest, acquired under the deed from his father. 17 A. & E. Enc. of Law. 299; 139 Fed. 971, 72 C. C. A. 9, 2 L. R. A. (N. S.) 185; 45 Ohio St. 577, 16 N. E. 475; 70 Ohio St. 36, 70 N. E. 954, 1 Ann. Cas. 618; 83 Vt. 212, 74 Atl. 1115, Ann. Cas. 1912A, 313; 7 Ala. App. 172, 62 South. 303; 1 Ala. App. 148, 55 South. 268; 6 Ala. App. 61, 60 South. 591.

McCLELLAN, J. Statutory ejectment, instituted by appellants against appellee. On trial by the court without jury, the material facts being agreed, defendant had judgment. The plaintiffs (appellants) claim the lands described in the complaint through and from their father, W. A. Glover, who died in 1912. W. A. Glover (plaintiffs' father) was the son of W. A. Glover, Sr. W. A. Glover, Sr., owned the land in question prior to November 20, 1875. On that date W. A. Glover, Sr. (then unmarried), executed to his four children, in consideration of love and affection, an instrument in form a deed, acknowledged it as a deed, and some months later it was filed for record, and was recorded in Greene county, Ala., where the lands described therein were situated. The instrument bore these terms:

"This deed is not intended and does not convey to my said children Williamson A. Glover, Alfred Y. Glover, Isora L. Glover and John D. Glover any right or title to above-described real estate or the proceeds thereof until after my death. In case of the death of all the above-named children the above-described real estate and the proceeds thereof to revert to my immediate heirs."

[1, 2] In the absence of evidence to the contrary, the filing of the instrument for record was sufficient to invite the conclusion that the instrument if a deed, was perfected by delivery. 4 Mich. Ala. Dig. pp. 756, 757. Under the apt authority of Abney v. Moore, 106 Ala. 131, 18 South. 601; Phillips v. Phillips, 186 Ala. 545, 550, 65 South. 49, Ann. Cas. 1916D, 994; Josey v. Johnston, 197 Ala. 482, 73 South. 27; Jenkins v. Woodward Iron Co., 194 Ala. 371, 69 South. 646, and others therein cited, it must be held that this instrument was a deed, not a will; and that its effect was to reserve in the grantor the right to retain the possession and enjoyment of the lands granted during his life.

[3] The defendant, Webb, who went into possession of this land, relies for his right and title to the land in question upon a deed from W. A. Glover, Jr., the father of the plaintiffs, appellants. At that time, 1912, the father of the plaintiffs, was heavily indebted to Webb's commercial concern domiciled at Memphis, Tenn. The father of plaintiffs was the owner of lands in Mississippi as well as in Greene county, Ala., upon which he had given mortgages to secure debts to the Webb Company and to another. To adjust, satisfy and discharge his indebtedness to the Webb Company, the father of the plaintiffs executed to the Webb Company (under which George T. Webb conducted his business) a deed to lands in Mississippi, and to lands in Greene county, Ala., the latter subject of conveyance being described as follows:

"* * * And all of the right, title and interest of the said W. A. Glover [i. e., grantor] in and to all lands heretofore owned by his father Williamson Glover, deceased [i. e., W. A. Glover, Sr.], at the time of his death, situated in Greene county, Alabama."

The plaintiffs insisted unsuccessfully below and again contend on appeal that the words "heretofore owned by his father Williamson Glover, deceased, at the time of his death" should be read as only applying to

lands in which Williamson Glover held the fee at the time of his death, this insistence having the effect, if accepted, of interpolating after the word "owned" the words "in fee," thereby excluding from W. A. Glover's grant to the Webb Company the lands in which Williamson Glover reserved a life estate in the deed (quoted above) executed by h: n to his four children on November 20, 1875. As appears, the decision depends upon the meaning and significance to be accorded the word "owned" in the grant from W. A. Glover to the Webb Company. There are occasions, afforded or affected by statute as well as by contracts, when the word signifies absolute ownership in fee; and there are occasions when "owned" signifies the investment, with a lesser right or title than a fee in the subject-matter. Guild v. Prentis, 83 Vt. 212, 74 Atl. 1115, Ann. Cas. 1912A, 313, and annotations on pages 316–318; 3 Words and Phrases (2d Series), p. 845 et seq.; 29 Cyc. pp. 1549, 1550; Gravlee v. Williams, 112 Ala. 544, 20 South. 952. The scope of its definition or application depends upon the particular circumstances surrounding or related to its employment to express an intent. Here, the design was to identify land conveyed, not define an estate theretofore existing or to be transmitted. That the grantor intended to convey to the Webb Company all his right, title, and interest in the Greene county lands owned by his father, at the time he died, is plain, is expressly avowed. It is equally unmistakable that the grantor intended to convey to the Webb Company all his right, title, and interest in all the Greene county lands owned by his father at the time he died. The use of "all" in defining both of these elements of the grant (the estate and the property) characterizes the grantor's intent with an effective comprehension that is inconsistent with the view that the word owned was designed to refer only to the elder Glover's ownership in fee. The circumstances under which the conveyance was made to the Webb Company and the possession taken consist with this interpretation. The context, in the light of the circumstances, would be unduly restricted if "owned" was read as not referable to, not inclusive of, lands in which the elder Glover held a life estate. To that extent he was the owner of lands in Greene county; and the grantor's method of identifying the subject (in Greene county) of his grant to the Webb Company manifests no purpose to exclude such lands as the elder Glover owned as a life tenant.

The trial court correctly took and enforced this construction. Its judgment is affirmed.

Affirmed.

ANDERSON,' C. J., and SOMERVILLE and THOMAS, JJ., concur.