### ELIZA D. R. BROWN and others *vs.* ISAAC ATWATER.

#### March 11, 1879.

**Deed held not to be of Testamentary Character.**—A deed of property executed by a person in expectation of death, who adopts that mode of distributing his property rather than by will, his intention being that the deed shall take effect on its execution, and there being no unlawful purpose contemplated, is to be treated as a disposition by deed and not a testamentary disposition.

Plaintiffs brought this action in the district court for Hennepin county, to determine the adverse claim of the defendant to certain lots in Minneapolis. At the trial before *Young,* J., it appeared that in an action brought in December, 1873, by Eliza K. Brown against John Potts Brown, her husband, under Laws 1874, c. 66, (Gen. St. 1878, c. 69, § 5,) such proceedings were had that on March 12, 1874, the defendant having failed to answer the complaint, and on proof of the facts therein alleged, judgment was rendered debarring the defendant therein from any interest or estate, by curtesy or otherwise, in any lands of the plaintiff therein, and empowering her to grant and convey all or any of her lands, without her husband's consent or joinder in the conveyance. On April 30, 1875, Eliza K. Brown executed and delivered to her daughters, the plaintiffs, for no valuable consideration, a conveyance in fee of the lots in dispute, her husband not joining therein, which deed was recorded on August 12, 1875. At the same time that she executed and delivered this deed, Eliza K. Brown also made and executed her will, devising and

*Since reported, 45 Wis. 325.

bequeathing to plaintiffs and her two other children all the estate, real and personal, of which she might die seized or possessed. At the time of the execution of the deed and will, Eliza K. Brown was seriously and dangerously ill, but in full possession of her mental faculties. She died on the following day.

On July 10, 1875, the defendant recovered and docketed judgment, in the district court for Hennepin county, against John Potts Brown. On the same day, execution issued thereon, by virtue of which the sheriff of the county levied upon and sold to the defendant in this action an undivided one-third of the lots in controversy. The proper certificate of sale was received by defendant and duly recorded, and there was no redemption from the sale.

As conclusions of law, the court held that the conveyance to plaintiffs was not a will, but the deed of the grantor, on the delivery of which the legal title to the property at once vested in the plaintiffs; and that, therefore, Eliza K. Brown, at the time of her death, had no interest in the property, and John Potts Brown had no interest therein on which an execution could be levied. Judgment was ordered for plaintiffs, a new trial was refused, and the defendant appealed. The exceptions taken to the admission of the judgment-roll in the suit of Eliza K. Brown against her husband are stated in the opinion.

*Lochren, McNair & Gilfillan,* for appellant.

*Bradley & Morrison,* for respondents.

GILFILLAN, C. J. The objections to the judgment in the case of Mrs. Brown against John Potts Brown—to wit, that there was no proof of service of the summons on him, that there was no decision of the court stating the facts found, and that it has not the clerk's signature upon it—go only to its regularity, and cannot be raised in a collateral action.

The act of March 9, 1875, (Laws 1875, c. 40,) abolishing estates in dower, etc., gave to the surviving husband or wife the interest in the real estate of the deceased husband or wife

prescribed by the act, only as to the real estate of which the deceased should die seized. It has, therefore, no application to this case, if the conveyance of Mrs. Brown to plaintiffs took effect to divest her estate before her death; and that it did, we have no doubt, either upon the facts found by the court, or the evidence. That she preferred to divide her estate by deed before her death, rather than to do it by will to take effect at her death, and that the deed was executed for that purpose, is shown. But there is nothing to show that she did not intend the deed to take effect at once upon its execution, and without reference to the time when she might die. The mere fact that she executed a will at the same time as the deed, does not show it. There have been cases where a deed has been held to have effect as a testamentary disposition, but they have been cases where, as in *Attorney General* v. *Jones*, 3 Price, 368; *Habergham* v. *Vincent*, 2 Ves. Jr. 204; and *Vreeland* v. *McClelland*, 1 Bradf. (N. Y.) 393, the deed was not intended to go into full effect at once; or where, as in *Peacock* v. *Monk*, 1 Ves. 127, and *Tomkyns* v. *Ladbroke*, 2 Ves. 591, the mode of disposing of property by deed, instead of by will, was adopted with a fraudulent purpose. There is no case in which a deed intended to take effect at once, where the intent was lawful, has been held to be a testamentary disposition.

Order affirmed.