RUFUS BLANCHARD v. JOHN MOREY AND OTHERS.

[IN CHANCERY.]

*Deed, Construction of. Condition to Support Broken. Mortgage. Husband is Heir to his Wife, she dying without Issue, and her Lands worth less than $1,000, under R. L., s. 2230. Deed without Consideration Void. Forfeiture.*

M. and his wife B. executed a warranty deed of her premises to W. and J., his sons by a former marriage, conditioned that the grantees "are not to have any right or title whatever to the above described premises as long as we or either of us live; and the above deed is not to be binding upon us or either of us if * * * we should want or need to sell off a part or all of said real estate in order to maintain us. and the above deed is to be null and void in such case, and we are to have the entire control of the above premises during our natural lives." The wife dying without issue, M. deeded the land, which was worth less than $1,000, to J.; but there was no consideration for the deed. After the decease of B., and after the condition to support had been broken, and in order to raise money to buy necessaries, M. and J. and J.'s wife, residing on the premises, executed the mortgage in question. W. lived in another State, and deceased in 1871; but during his life he had supplied his father with necessaries; and after his death his representatives would have continued to do so if they had known such aid was needed. A petition having been brought to foreclose, and W.'s administrator defending, *Held,*

Blanchard *v.* Morey.

1. That the deed conveyed the premises in fee, conditioned upon a right of possession in the grantors, a right of life support, and also a right to convey, if the grantees failed to properly support them.
2. No CONSIDERATION. The deed from M. to his son J., being without consideration, and executed before a failure of support, is of no effect.
3. The mortgage should be upheld; and on the ground that there was a forfeiture; that M., under the statute, R. L., s. 2230, was his wife's heir; that the title vested in him at once on the death of his wife, and, hence, that he mortgaged his own estate.
4. FORFEITURE, COURT GRANT RELIEF FROM. The court allow the grantees in the first deed to redeem, holding that the case is within the rule, that the court can, and should grant relief when the forfeiture is accidental, unintentional and not attended with irreparable injury in case of a mortgage, and not an absolute conveyance.
5. CONSTRUCTION OF DEED. When the granting part and the conditions of a deed are irreconcilable, the conditions are not favored.
6. PRACTICE. The decree below was for the orator, but did not include a note of $61.47, secured by the mortgage. The orator did not appeal; and the note was given by W., who had been through insolvency, and it did not appear what was done with the note. The court refused to disturb the decree.
7. MENTAL CAPACITY. The court hold that the mortgagor, on the findings of the master, q. v., had sufficient capacity to execute the mortgage.
8. R. L., s. 2230, husband when heir of his deceased wife.

PETITION to foreclose a mortgage.

Heard on the report of a special master, December Term, 1882, Orange County, POWERS, Chancellor. Decree that the defendants pay to the orator the sum of $638, with interest and cost, or be foreclosed. It appeared that the land·in contention, prior to the deed of 1857, was owned by Bethiah, the second wife of John Morey, sr.; that she died in March, 1874, without issue; that John Morey, sr., died in 1878; that the deed from John Morey, sr., to John Morey, jr., was dated March 27th, 1875; that the mortgage in question, signed by John Morey, sr., John Morey, jr., and his wife, was dated January 2nd, 1877; that they were living on the farm at the time the mortgage was executed; that William C. Morey lived in Massachusetts; that he went through insolvency in 1870, and deceased in 1871. As to the mental capacity of John Morey, sr., when the mortgage was executed, the master found that he was about ninety years old; that he "had become enfeebled by age, and mentally somewhat weak and childish; that he could

have been easily influenced, but that he understood fully the purpose of this mortgage and the purport of it, and that there was no undue influence used to get him to execute it, but it was his voluntary act; and it seemed to be a reasonable one in order to procure the necessaries of life and a proper support of his family." John Morey, jr., was mentally weak and unable to read; but the findings of the master as to him are unnecessary in view of the decision of the court. The consideration of the mortgage and the $61.47 note, mentioned in the opinion, was money, goods and groceries, furnished the family of John Morey, sr. The other facts are sufficiently stated in the opinion of the court.

*Farnham & Chamberlin*, for the defendants.

It is self-evident that the mortgage could not cover the interest of William C., as he owned an undivided half. John and Bethiah had a life estate in the farm by the deed of 1857. *Webster* v. *Webster*, 33 N. H. 18; *Goodright* v. *Barron*, 11 East. 220.

So far as the condition of sale is concerned, we submit that Bethiah was the only person who could take advantage of it, and that all that was left to her husband when she died was simply a tenancy for life by the courtesy. *Logan* v. *Caldwell*, 23 Mo. 373; *Adams* v. *Dunkle*, 19 Vt. 383; *Shuman* v. *Dodge*, 28 Vt. 26.

The deed of March 27th, 1875, however, tended still further to restrict his rights; for in this he only reserved a life estate.

The reservation is in the following words: " Provided, nevertheless, that I retain and reserve the entire use and control of all said property during my natural life, to use and dispose of as I see fit."

Under the deed, no one had the power to mortgage; it was simply a power of sale.

Conditions in deeds are to be construed strictly, and most strongly against the grantors *Adams* v. *Frothingham*, 3 Mass. 352; *Worthington* v. *Hylyer*, 4 Mass. 196; *Watson* v. *Boyls-*

*ton*, 5 Mass. 411; *Cocheco* v. *Whittier*, 10 N. H. 315; *Mills* v. *Catlin*, 22 Vt. 98. This same rule is true as to conditions and reservations. *Wyman* v. *Farrar*, 35 Me. 64.

*C. W. Clark*, for the orator.

The opinion of the court was delivered by

VEAZEY, J. The decision of this case depends on the construction of the deed of 1857. The deed is by John Morey, sr., and his wife, Bethiah, to two of his five sons, viz., John Morey, jr., and William C. Morey. It is in the usual form of a conveyance of a present fee simple, but with conditions.

The unskilfulness and ignorance of the draftsmen in such matters have, as usual, caused difficulty. The words of the conditions are as follows:

" The conditions of this deed is this: That the said Wm. C. " and John Morey, jr., are not to have any right or title what- " ever to the above described premises as long as we or either of " us live; and the above deed is not to be binding upon us or " either of us if any case we should want or need to sell a part " or all of said real estate in order to maintain us, and the above " deed is to be null and void in such case and we are to have the " entire control of the above premises during our natural lives." The premises or granting part purport to grant an estate in fee *per verba in presenti*. If the part of the condition to the effect that the grantees are not to have any right or title whatever so long as either of the grantors live, constituted the whole of the condition, it would be difficult to construe it as compatible with any estate whatever *in presenti*. Its import seems to be not to limit, explain or qualify the grant, but in express terms to nulify and destroy it. Where the two parts of a deed are irreconsilable, one of them must fail; and of the two, the condition should fail and the absolute part of the conveyance stand. " It is a general " principle of construction that conditions are not favored; that " is to say, limitations of estates in terms importing conditions " are to be construed generally in favor of vested and indefeasable

estates." 1 Leake Land Law, 238; Co. Lit. 206 S. "Conditions "are not sustained when they are repugnant to the nature of the "estate granted." 4 Kent Com. 131. But a deed should be interpreted most favorably for its own validity and for the effectuation of the design of the grantors, where that is plainly expressed, or can be collected or ascertained from the deed, unless it is in conflict with some rule of law. *Flagg* v. *Eames*, 40 Vt. 16; Shep. Touch. p. 86; 2 Wash. R. P. 628; *Jackson* v. *Meyers*, 3 Johns. 383.

The intent is to be derived upon view and comparison of the whole instrument. We think the grantors, intent in this deed, though clumsily expressed, yet fairly collectible and ascertainable from it as a whole, was to convey the premises in fee, conditioned upon a right of possession and use in the grantors and the survivor of them during life, and of being supported, so far as needed in addition and suitable to their condition in' life, by the grantees; with the further right in the grantors to sell and convey for their necessities in case of failure to receive support from the grantees. *Sherman* v. *Dodge*, 28 Vt. 26. The right to support and to sell for their necessities was a provision in the nature of a condition of absolute defeasance. If the grantees wished the conveyance to become absolute, they were bound to see that no occasion should arise for the grantors to sell for their necessities. But a court of equity will seek to avoid a forfeiture. If John, sr., had sold absolutely instead of mortgaging, under a necessity for support, the grantees in this deed of 1857 would have had no remedy. But the incumbrance for support being in mortgage only, it is equitable that these grantees should be allowed to redeem. They, or at least, one of them, William C., whose administrator is defending this suit, furnished all needed support during his life, and the referee finds his representatives after his decease would have furnished the support for which the mortgage was given, had they known it was needed. They lived in another State and were not called upon for aid. The object of the deed was to secure life support in consideration of the conveyance. That is exactly attained by

upholding this mortgage and allowing the grantees in that deed to redeem.

A question not debated at the bar, but necessarily considered by the court, has been whether the court can and should grant relief from the forfeiture. We are inclined to resolve this question in favor of relief by redemption on the authority of *Henry v. Tupper*, 29 Vt. 358, and the authorities cited in the opinion of the court in that case and elaborately discussed by the late Chief Justice REDFIELD. It was there held that a court of equity may grant relief from the forfeiture of an estate conditioned for the maintenance and support of the grantors, where the forfeiture was accidental and unintentional, and not attended with irreparable injury. But it rests in the sound discretion of the court when relief shall be granted in this class of cases. We think the findings of the master bring this case in substance and effect, though not in terms, within that rule; and that, as above stated, the discretion should be exercised in favor of relief. 2 Story Eq. Ch. 34, on Penalties and Forfeitures. The further question then arises: Can this mortgage be upheld, it having been executed by John Morey, sr., after the decease of his wife upon what was her sole property? We think it can.

In the view above taken, if the condition of the deed had been broken in the life of Bethiah, she would have had the right to dispose of the estate for their necessities as she saw fit. The failure to perform the condition would have defeated the grant. She died before any breach, and her husband was her heir to all her right and interest, the estate being less than $1,000, and there being no issue by this marriage. R. L. s. 2230. After her decease the breach occurred by failure to support him. When it occurred, he as her heir stood in her right. The condition of defeasance was to continue and operate until the survivor died. After Bethiah's decease it must operate in favor of her husband as he was her sole heir. Being the heir and not a stranger, and being himself in possession when the breach happened, the estate vested in him at once without any formal act on his part; and he will be presumed, after the breach, to hold

Blanchard *v.* Morey.

for the purpose of enforcing the forfeiture in the absence of any acts of waiver. 1 Wash. R. P., p. 451–2. He therefore had the estate and the right to mortgage it when he made the mortgage in question, in January, 1877, if he had capacity. The finding of the master settles that he had capacity. He did not get the right to mortgage by virtue of a power conferred in the deed, as he got no title thereby. His title came by inheritence. It was conditional until the defeasance made it absolute at law. The facts reported warrant that equity should treat it as absolute except as against the defendant's right to redeem.

In respect to the deed of March 27th, 1875, by John Morey to John Morey, jr., the master says he does not find there was any consideration for it, nor that the condition of the deed of 1857 had at that time been broken; consequently the deed of 1875 must be ignored as of no effect. A consideration is necessary to sustain a deed of bargain and sale. *Stevens* v. *Griffith,* 3 Vt. 448; *Wood* v. *Beach,* 7 Vt. 522; *Castleton* v. *Langdon,* 19 Vt. 211, and cases there cited.

The mortgage in question was given as security not only for what the orator furnished to John Morey, sr., after the breach of the condition of the deed of 1857, but also a note of $61.47 which William C. Morey while living gave to the orator. William C. failed before he died and went through insolvency. The decree of the court of chancery was for the orator, but did not include this note. No appeal was taken by the orator, and the report does not show what was done in respect to this note in the insolvency proceedings, and it was barely suggested in argument that the note should have been included in the decree.

We think the showing in respect to the note is too meagre to warrant a disturbance of the decree on account of this note not having been included therein.

Decree affirmed.