DAVID L. THOMAS v. HUMPHREY WILLIAMS.[1]

July 10, 1908.

Nos. 15,699—(206).

**Wills—Execution.**

A written instrument, no matter what its form may be, which is of a testamentary character, is a will, and, if not executed as required by the statute relating to wills, is void.

**Intention of Maker.**

The test whether an instrument is a deed or a will is the intention of the maker, which is primarily to be determined from its language; and in doubtful cases, if the instrument cannot be given effect as a will, but may be as a deed, it will be construed as such.

**Construction of Deed.**

The fact that an instrument, in form a deed, postpones the enjoyment of the subject-matter of the grant until the death of the grantor, and is contingent upon the grantee surviving him, is not necessarily conclusive that the deed is testamentary in character. The test in such a case is whether the grantor intended the instrument to be ambulatory, serving no purpose until after his death, or whether he intended to convey thereby some present right or interest, absolute or contingent, in the subject-matter of the grant, with the enjoyment thereof postponed until after his death.

**Interest Passing upon Delivery.**

If by the terms of the instrument the right or interest passes upon its delivery, subject to a contingency over which the grantor has no control, it is irrevocable, even if the enjoyment of the thing granted be postponed until his death.

**Testamentary Character.**

Rules applied, and *held*, that the deed referred to in the opinion is not of testamentary character, and is valid.

Action transferred from the municipal court of Mankato to the district court for Blue Earth county, brought by the administrator of the estate of John J. Lewis, deceased, to recover from the Singer Sewing Machine Company the sum of $28, alleged to be the rent due upon certain leased premises. The case was tried before Cray, J.,

[1] Reported in 117 N. W. 155.

who made findings and ordered judgment in favor of plaintiff for the amount demanded. From an order denying a new trial, Humphrey Williams, who was substituted as defendant in the action, appealed. Reversed and remanded with direction to change the conclusion of law, so as to direct judgment to be entered in favor of the substituted defendant.

*Thos. Hughes & Evan Hughes,* for appellant.

*C. O. Dailey,* for respondent.

START, C. J.

This is an appeal from an order of the district court of the county of Blue Earth denying the defendant Williams' motion for a new trial in an action to recover the rent stipulated in a lease of certain real estate situate in the city of Mankato. The trial court upon the facts found, which are not here controverted, directed judgment for the plaintiff for the amount claimed. The sole question presented by the record is whether the plaintiff's intestate, John J. Lewis, died seised of the demised premises. If he did, the order appealed from was right; otherwise, erroneous.

On November 1, 1905, John J. Lewis, then being the owner of the premises, executed and delivered a quitclaim deed to the defendant Williams, which was duly recorded the next day. The here material provisions of the deed are the following:

> The said party of the first part [Lewis], in consideration of the sum of one dollar and other valuable consideration to him in hand paid by the said party of the second part [Williams] the receipt whereof is hereby acknowledged, does hereby grant, bargain, sell, remise, release, quitclaim, and convey unto the said party of the second part, his heirs and assigns, forever, all the right of survivorship in and to the following tract or parcel of land: [Here followed a description of the demised premises.]
>
> To have and to hold the above quitclaimed premises, together with all the hereditaments and appurtenances thereunto belonging or in any wise appertaining, unto the said party of the second part, his heirs and assigns, forever, in case he survives said John J. Lewis. The intent of this deed being to convey

to said second party all of said land in case he survives said first party; otherwise, said land to be vested in first party in case he survives said second party.

At the time this deed was made and delivered, and as a part of the same transaction, the defendant Williams made and delivered to John J. Lewis a quitclaim deed containing the same provisions which we have quoted from the first deed, except that the land described therein was a lot in Mankato other than the demised premises.

The contention of the plaintiff is that the deed from Lewis to Williams was testamentary in character, and therefore void. If this claim is correct, then the plaintiff's intestate, Lewis, died seised of the demised premises; but, if it is not, then the defendant Williams is the owner thereof.

It is elementary law that a written instrument, no matter what its form may be, which is of a testamentary character only, is a will, and, if not executed as required by the statute relating to wills, is void. Conrad v. Douglas, 59 Minn. 498, 61 N. W. 673. All courts and text-writers are agreed upon this proposition, but there is much apparent conflict of judicial authority as to the application of the rule to particular instruments. No general and invariable rules for determining whether a given instrument is a deed or a will can be laid down, for in nearly every case the language of the instrument is different. The true test whether an instrument is a deed or a will is the intention of the maker, which is primarily to be determined from its language. If in doubtful cases the instrument cannot be given effect as a will, but may be as a deed, especially if such be its form, it will be construed as such. The fact that an instrument, in form a deed, postpones the enjoyment of the subject-matter of the grant until after the death of the grantor, and is contingent upon the grantee surviving him, is not necessarily conclusive that the deed is testamentary in character. The test in such a case is whether the grantor intended the instrument to be ambulatory, serving no purpose and having no effect until after his death, and therefore revocable, or whether he intended to convey thereby some present right or interest, absolute or contingent, in the subject-matter of the grant, with the enjoyment thereof postponed until after his death. If, by the terms of

the instrument, the right or interest passes at once, subject to a contingency over which the grantor has no control, it is a deed, and irrevocable, even though the enjoyment of the thing granted is postponed until his death. Brown v. Atwater, 25 Minn. 520; Haeg v. Haeg, 53 Minn. 33, 55 N. W. 1114; 2 Devlin, Deeds, §§ 855–855c; Wilson v. Carrico, 140 Ind. 533, 40 N. E. 50, 49 Am. St. 219, and notes; Ferris v. Neville, 127 Mich. 444, 86 N. W. 960, 89 Am. St. 494, and notes; Abbott v. Holway, 72 Me. 298; Bowler v. Bowler, 176 Ill. 541, 52 N. E. 437.

Now, if the language of the instrument here in question be read in the light of the general rules we have stated, the intention of the grantor is reasonably clear, although the words used to express it are not aptly chosen. The grant was based upon a valuable consideration moving from the grantee, and the instrument was duly executed, delivered, and recorded as a deed. It expressly states that the grantor "does hereby * * * sell * * * and convey" to the grantee and his assigns, forever, all the right of survivorship in and to the land (describing it), which he and his assigns are to hold forever in case the grantee survives the grantor. Again, the deed expressly declares what the intention of the parties and the purpose of the deed are in these words: "The intent of this deed being to convey to said second party all of said land in case he survives said first party, otherwise said land to be vested in first party in case he survives said second party"—that is, the intention is to convey at once the land to the grantee upon the contingency of his surviving the grantor, but, if he does not, then the "land [is] to be vested in first party in case he survives said second party."

It seems quite obvious that the only reasonable construction that can be given to the language used by the parties to this deed, which will give effect to the whole thereof, is to hold that the grantor intended thereby to convey, and did convey, to the grantee a present contingent right in the land in the nature of a contingent fee, and that, while the enjoyment of such right was, by necessary implication, postponed until the happening of the contingency, yet it vested upon the delivery of the deed. Therefore the right could not be revoked by the grantor, and the deed is not of testamentary character. If, after the defendant's deed had been recorded, the grantor had deeded the

premises to a third party, would he have acquired a perfect title thereto? Minnesota Debenture Co. v. Dean, 85 Minn. 473, 89 N. W. 848.

But, even if this construction may be fairly regarded as doubtful, yet any construction which would render the deed void, because testamentary in character, would be much more doubtful, and it cannot be accepted, for the instrument cannot possibly be given effect as a will, but it may fairly be as a deed. We accordingly hold that the deed is not void, and that upon the death of the grantor the defendant Williams became the owner of the demised premises, and entitled to the rent therefor.

It follows that the order appealed from must be reversed, and the cause remanded to the district court, with direction to change its conclusion of law, so as to direct judgment to be entered for the defendant Williams. So ordered.