PEARL BLAIR *v.* MARY M. BLAIR AND HERBERT P. BLAIR.

November Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 2, 1940.

*Frederick W. Wakefield, Jr.,* for the defendants.

*Robert H. Ryan* for the plaintiff.

SHERBURNE, J. In this action of ejectment the plaintiff claims title to the land in dispute under a quit-claim deed from David A. Blair and Lucy Ann Blair, husband and wife, dated and recorded on June 8, 1918. The consideration is given as one dollar, love and affection and other valuable considerations. In the granting part the grantors remise, release and forever quit-claim unto "Pearl Alonzo Blair, all right and title which"

the grantors or their heirs have in and to the land. The habendum reads as follows: ''To have and to hold all our right and title in and to said quit-claimed premises, with the appurtenances thereof, to the said Pearl Alonzo Blair and his heirs and assigns forever, upon condition that said Pearl Alonzo Blair is then living, otherwise all of the above described property is to pass under this deed to William Alonzo Blair, if then living, and if neither are living at our decease, all the above described property to pass under this deed to Herbert P. Blair of Warren, Vermont.'' The grantors continued in possession until the death of said David, and the survivor, Lucy, continued in possession until her decease. The defendants are now in possession of the premises and claim title thereto under a quit-claim deed from said Lucy to the defendant Mary M. Blair, dated and recorded on June 29, 1937. To a judgment in favor of the plaintiff the defendants have excepted.

The only points raised here by the defendants are that the deed to the plaintiff is void because it conveys no present interest and because it is testamentary in character.

The essential characteristic of a testamentary instrument is that it operate only upon and by reason of the death of the maker; during his lifetime it is ambulatory and revocable, and by its execution the maker parts with no right and divests himself of no modicum of his estate. It is fundamental, on the other hand, in order that an instrument may be operative as a deed that it pass a present interest, although it is not necessary that the grantee take a present estate in the property conveyed. If the interest which the grantee takes is a present one, the instrument is a deed, although the enjoyment of the estate is postponed until some future time. 16 Am. Jur., Deeds, § 7.

In order to nullify the common law rule against the creation of estates of freehold to commence in the future, many jurisdictions construe a deed as a covenant to stand seised, under the Statute of Uses, 27 Henry VIII, c. 10. See Annotations, 11 A. L. R. 25-32. This statute has never been adopted in this state, and ever since the enactment of our statute of conveyancing, there being no livery of seisin in fact necessary to invest the grantee with the title, but only the seisin resulting from the due execution and recording of the deed, there has been no objection whatever to the creating of a freehold estate, in terms,

to take effect in future. *Gorham* v. *Daniels,* 23 Vt. 600. In that case an estate was reserved during the lives of the grantor and his wife. Had there been no contingency in the deed before us there could be no question of its validity.

To determine whether under the contingency a present interest was passed we must resort to our master rule for the construction of deeds, which is that the intention of the parties, when ascertained from the entire instrument, prevails over technical terms or their formal arrangement. *Kennedy, Admr.* v. *Rutter, Admr.,* 110 Vt. 332, 338, 6 Atl. 2d. 17; *Vermont Kaolin Corp.* v. *Lyons,* 101 Vt. 367, 376, 143 Atl. 639; *Johnson* v. *Barden,* 86 Vt. 19, 83 Atl. 721, Ann. Cas. 1915A, 1243; *De-Goosh* v. *Baldwin & Russ,* 85 Vt. 312, 82 Atl. 182; *Robinson* v. *Missiquoi Railroad Co.,* 59 Vt. 426, 10 Atl. 522; *Collins* v. *Lavelle,* 44 Vt. 230; *Flagg* v. *Eames,* 40 Vt. 16, 94 Am. Dec. 363; *Mills* v. *Catlin,* 22 Vt. 98; *State* v. *Trask,* 6 Vt. 355, 27 Am. Dec. 554.

Although there are no words of inheritance in the granting clause of this deed, the use of the words ''his heirs and assigns forever'' in the habendum, the subsequent condition aside, shows that a fee is to be conveyed. This results from the holding in *DeGoosh* v. *Baldwin & Russ, supra.* The habendum may modify, limit and explain the grant, but cannot defeat it when expressed in clear and unambiguous language. *Kennedy, Admr.* v. *Rutter, Admr., supra,* 110 Vt. at page 339; *Bennett* v. *Bennett,* 93 Vt. 316, 318, 107 Atl. 304. If no words of inheritance are used in the premises, the grantee by the premises takes by implication only a life estate at most. The habendum may then by express limitation define the estate granted as an estate for life or in fee, and the estate so expressly defined necessarily excludes the uncertain implication from the premises. Thompson on Real Prop. § 3317; *Adams* v. *Dunklee,* 19 Vt. 382.

From a reading of the entire habendum, including the condition, it is clear that the grantors intended, except for an estate retained during their lives, to convey all title to the plaintiff contingent upon his surviving them. What the effect of the limitation over to the two other persons named in the habendum would have been, had not the plaintiff survived the grantors, need not be determined, but this limitation over tends to show that the grantors intended to divest themselves of all

title except an estate for their lives. In our judgment the situation, so far as the plaintiff is concerned, is no different than as if the grantors had conveyed to a third person, and such third person had in turn reconveyed to the grantors an estate for their lives with remainder to the plaintiff if he be living at the time of the death of the survivor of the grantors. Under such a situation we have a contingent remainder where the plaintiff is ascertained to be the remainderman, and the only dubious event is the uncertainty of his surviving the grantors. 23 R. C. L. 500, § 31; 2 Bl. Comm. 170. Consequently the plaintiff took an interest in the nature of a contingent remainder, and as the remainderman is ascertained and the uncertainty which makes it contingent is to the happening of the event upon which it is limited to take effect, such contingent remainder is alienable because in the remainder there is a possibility coupled with an interest. *Kennedy, Admr.* v. *Rutter, Admr., supra,* 110 Vt. at pages 344 and 345; 21 C. J. 998, § 156; 2 Washburn Real Prop. 240; 23 R. C. L. 572, § 125; *Bartholomew* v. *Murry,* 61 Conn. 387, 23 Atl. 604, 29 Am. St. Rep. 206; *Putnam* v. *Story,* 132 Mass. 205; *Clarke* v. *Fay,* 205 Mass. 228, 91 N. E. 328, 27 L. R. A. (N. S.) 454; *Woody* v. *Cates,* 213 N. C. 792, 197 S. E. 561; *Reilly* v. *Mackenzie,* 151 Md. 216, 134 Atl. 502, 48 A. L. R. 778; Restatement of Property, vol. 2, § 162. No subsequent deed of the grantors could affect this interest. *Kennedy, Admr.* v. *Rutter, Admr., supra.* A present interest was conveyed to the plaintiff.

This deed expresses a clearer intent to convey a present interest than the deed sustained in *Blanchard* v. *Morey,* 56 Vt. 170. That deed was in the usual form of a conveyance of a present fee simple from John Morey, Sr. and his wife to two sons, William C. Morey and John Morey, Jr., but with the following conditions:

> ''The conditions of this deed is this: That the said Wm. C. and John Morey, Jr., are not to have any right or title whatever to the above described premises as long as we or either of us live; and the above deed is not to be binding upon us or either of us if in any case we should want or need to sell a part or all of said real estate in order to maintain

us, and the above deed is to be null and void in such case and we are to have the entire control of the above premises during our natural lives.''

The deed was construed to convey the premises in fee conditioned upon a right of possession and use in the grantors and the survivor of them during life, and of being supported, so far as needed in addition and suitable to their condition in life, by the grantees; with the further right in the grantors to sell and convey for their necessities in case of failure to receive support from the grantees.

In citing authorities from other jurisdictions it should be noted that they may have been based upon a somewhat different statute of conveyancing. However, the following cases arrive at the same conclusion and carry considerable weight with us. It is held in *Thomas* v. *Williams*, 105 Minn. 88, 117 N. W. 155, that a deed in the usual form is a present conveyance, and not a will, despite the following clause contained therein: ''The intent of this deed being to convey to said second party all of said land, in case he survives said first party; otherwise said land to be vested in first party in case he survives said second party.'' ''If, by the terms of the instrument, the right or interest passes at once, subject to a contingency over which the grantor has no control, it is a deed,'' the court says, ''and irrevocable, even though the enjoyment of the thing granted is postponed until his death.'' In *Abbott* v. *Holway*, 72 Me. 298, the grantor in the deed involved provides that the instrument ''is not to take effect and operate as a conveyance until my decease, and in case I shall survive my said wife [the grantee] this deed is not to be operative as a conveyance, it being the sole purpose and object of this deed to make a provision for the support of my said wife, if she shall survive me.'' This instrument was held to pass an irrevocable interest, and not to be testamentary in character.

The defendants cite *Kennedy, Admr.* v. *Rutter, Admr., supra,* to support their claim that the fact that Lucy Ann Blair subsequently deeded the property to the defendant Mary M. Blair, clearly manifests that she never intended that any interest in the property should pass to the plaintiff until after her death. That case, see 110 Vt. page 342, only holds that

resort may be had to the practical construction adopted by the parties when the meaning of an instrument is doubtful. But when the meaning, as here, is clear and obvious, such practical construction is of no force or effect. Moreover, in order that the rule as to practical construction may apply in a given case, it must appear that the particular construction was participated in by all the parties in interest. 18 C. J. 262; 12 Am. Jur. Contracts, § 249, p. 790. Hence the fact of the execution of the later deed is immaterial to the interpretation of the deed here in question.

*Judgment affirmed.*