153 So.2d 631

**W. H. JACKSON et al.**

**v.**

**Dovie H. NAYLOR et al.**

**7 Div. 583.**

Supreme Court of Alabama.

May 9, 1963.

Robt. H. King, Gadsden, for appellants.

Hanby & Stivender, Gadsden, for appellees.

PER CURIAM.

The appellants filed in the circuit court of Etowah County, in equity, their petition for a declaratory judgment on the legal effect of an instrument in writing which appellants contend is a warranty deed. The instrument involved appears in The Reporter's Statement.

The respondents, who are the children of one of the petitioners, insist that the instrument is one of testamentary character, not properly witnessed so as to constitute a will, and is therefore null and void.

The trial court entered a decree adverse to appellants' contention, declaring the instrument to be of testamentary character, but void as a will because of absence of required witnesses. The court further held that the instrument, being void as a deed, conveyed no present or future interest in the real property described therein.

Appellants seek here to review the decree of the trial court and to vacate the same because of error.

The parties at the time of the trial in the circuit court entered into a stipulation "that the allegations alleged by the complainants are true and correct, and that there is a dispute between the parties as to the legal effect of the alleged deed. And it is further stipulated that the record shows that the alleged deed, complainants' Exhibit B, from J. W. Hall to Dovie Hall in 1940, was recorded, and that it is presumptive evidence of delivery, and respondents have no evidence to refute delivery."

"THE COURT: And that leaves then the question of the legal interpretation of the legal effect of Exhibit B."

The complainants alleged in their bill or petition that Dosia Hall, one of the complainants, "is the widow of J. W. Hall, deceased; that the said J. W. Hall died on or about the 7th day of June, 1944; that the named respondents constitute all the heirs at law and next of kin of said deceased, J. W. Hall."

We think it unnecessary to set forth other allegations of facts inasmuch as the sole issue in this case, reserved by the stipulation, is whether or not the alleged instrument is a warranty deed, legally conveying title to the real estate described in the instrument, or whether its purported effect as a deed has been eviscerated by the inclusion in the instrument of a restriction to which we will make specific allusion.

The instrument, copy of which is attached as Exhibit B, contains all the formalities of a warranty deed, including lawful granting and habendum clauses, but in the body of the instrument, between the

granting and habendum clauses, following the description of the real property alleged to have been conveyed, is a sentence as follows:

"This becomes effective at my death in the event she survives."

The instrument was duly acknowledged before the Judge of Probate of Etowah County and recorded in Book 6–C of Deeds in the Probate Office of Etowah County. The recordation bears date of May 17, 1940, which is the same date of the acknowledgement and execution of the instrument.

In the case of Wise v. Helms, 252 Ala. 227, 40 So.2d 700, it appears that the instrument, the subject of litigation, contained a clause as follows: "This deed does not take effect until after my death: then it remains in full force."

This court, speaking through the late and eminent Justice Foster, said as follows:

"We cannot agree with appellants' contention that this is a will. It contains all the formalities of a present conveyance with general warranty, acknowledged before a justice of the peace, witnessed by two witnesses, delivered and recorded at once in the probate office. The effect was to convey the title subject to the reservation of a life estate in the grantor. Phillips v. Phillips, 186 Ala. 545, 65 So. 49, Ann.Cas.1916D, 994; Jenkins v. Woodward Iron Co., 194 Ala. 371, 69 So. 646; Dennis v. West, 248 Ala. 90, 26 So.2d 263."

In the case of Phillips v. Phillips, supra, we observed as follows:

"Manifestly the decisive question in the case is whether the instrument executed by Abigail Phillips to Eli J. Phillips in 1866 was a contemporaneous conveyance of the land, or was purely posthumous in its operation; in short, whether it was a deed or a will. Courts have undertaken in innumerable cases to prescribe the general tests by which the character of an instrument in this regard is to be determined; but, while there seems to be a substantial uniformity of opinion as to the general principles to be applied, the cases themselves exhibit the utmost contrariety in the particular conclusions reached, even in the same jurisdictions. Nothing of value can be added to what has already been written by the most eminent jurists and commentators. The following decisions of this court discuss and illustrate the question: (citing cases) * * *.

"The deed here in question is in form a present grant of the land. It was acknowledged, delivered, and recorded within 15 days after the recited date of its execution. That it was the grantor's intention to thereby effect a contemporaneous transfer of title to the grantee seems reasonably certain, and the concluding sentence, 'This deed is not to take [effect] until after my death,' was clearly but a clumsy and inartificial mode of reserving to the grantor the possession and enjoyment of the land so long as she might live.

"We therefore hold that the instrument was a deed which conveyed the title to Elijah J. Phillips, subject to a life estate reserved to the grantor. This conclusion is fully and specifically supported by the case of Abney v. Moore, 106 Ala. 131, 18 South. 60; and substantially by the cases of Golding v. Golding, 24 Ala. 122; Elmore v. Mustin, 28 Ala. 309; Gregory v. Walker, 38 Ala. 26; and Griffith v. Marsh, 86 Ala. 302. A dictum to the contrary in Trawick v. Davis, 85 Ala. 342, 5 South. 83, cannot be approved or followed. It may be noted also that our early cases of Dunn v. Bank of Mobile, 2 Ala. 152, and Shepherd v. Na-

bors, 6 Ala. 631, are perhaps not in harmony with the later decisions."

As against the contention of appellees that the instrument conveyed no present interest and was testamentary in character, it is to be noted that there are no words of inheritance in the granting clause, and the habendum clause contains the words "her heirs and assigns forever." The instrument thus shows that the grantor intended to convey a fee.

It is held in Thomas v. Williams, 105 Minn. 88, 117 N.W. 155, as follows:

" * * * Again, the deed expressly declares what the intention of the parties and the purpose of the deed are in these words: 'The intent of this deed being to convey to said party of the second part all of said land in case he survives said party of the first part; otherwise, said land to be vested in the first party in case he survives said second party'—that is, the intention is to convey at once the land to the grantee upon the contingency of his surviving the grantor, but, if he does not, then the 'land [is] to be vested in first party in case he survives said second party.' It seems quite obvious that the only reasonable construction that can be given to the language used by the parties to this deed, which will give effect to the whole thereof, is to hold that the grantor intended thereby to convey, and did convey, to the grantee a present contingent right in the land in the nature of a contingent fee, and that, while the enjoyment of such right was, by necessary implication, postponed until the happening of the contingency, yet it vested upon the delivery of the deed. Therefore, the right could not be revoked by the grantor, and the deed is not of testamentary character. * * *"

In Abbott v. Holway, 72 Me. 298, the grantor in the deed involved provides that the instrument "is not to take effect and operate as a conveyance until my decease, and in case I shall survive my said wife (the grantee), this deed is not to be operative as a conveyance, it being the sole purpose and object of this deed to make a provision for the support of my said wife if she shall survive me." This instrument is held to pass an irrevocable interest, and not to be testamentary in character.

From a reading of the entire instrument, it is clear that the grantor intended, except for an estate retained during his life, to convey all title to his wife, contingent upon her surviving him, and since she did survive, the effect of grantor's failure to dispose of the property in the event of his wife's death need not be considered. Since the grantee took an interest in the nature of a contingent remainder, and as the remainderman was ascertained, and the uncertainty which made it contingent never happened, such interest was a present interest. Blair v. Blair, 111 Vt. 53, 10 A.2d 188; 31 A.L.R.2d 581.

The decree is due to be reversed and the cause remanded. The trial court will enter a decree declaring that the deed, with specific reference thereto, conveys to the grantee, Mrs. Dosia Hall, title in fee to the real property described therein and that it is not of testamentary character.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice and was adopted by this court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.