SHORES, Justice.
The plaintiffs appeal from a summary judgment in favor of the defendants in a case based on a dispute over the ownership of a tract of real property in Colbert County, Alabama. We affirm.
The plaintiffs, Joyce Andrews, Nancy Kerby, and N.A. Vandiver (two sisters and a brother), filed a complaint for a partition of land. The defendants were their father, Robert Ross Vandiver, Sr., and their brothers, Robert Ross Vandiver, Jr., and Harry Truman Vandiver. The plaintiffs alleged that they owned a seven-eighths undivided interest in the subject property.
The defendants answered and moved for a summary judgment, asserting fee simple title to the subject property by virtue of a recorded warranty deed to defendant Robert Ross Vandiver, Sr., subject to a life estate reserved in Lillie Vandiver. The trial court held a hearing and entered a summary judgment for the defendants. The plaintiffs appealed.
It is undisputed that in 1950 Eva and Lillie Vandiver (mother and daughter) acquired 59.5 acres of land as tenants in common. On November 24, 1954, Eva and Lillie executed a deed granting that property to Robert Ross Vandiver, Sr. (the son of Eva). This deed was recorded over 13 years later, on January 2, 1968. Eva Van-diver died intestate on February 15, 1968. On July 24, 1987, Lillie Vandiver executed and recorded a deed purporting to convey the property to Joyce Andrews, Nancy Ker-by, and N.A. Vandiver. By a statement on this deed, Lillie Vandiver attempted to deny delivery of the 1954 deed to Robert Ross Vandiver, Sr.; however, she made no move to have the 1954 deed set aside. In September 1987, Robert Ross Vandiver, Sr., conveyed portions of the property to *66 his sons, Robert Ross Vandiver, Jr., and Harry Truman Vandiver. In March 1988, Robert Ross Vandiver, Sr., recorded an affidavit in which he stated that Lillie Vandi-ver had delivered the deed to him. In July 1988, Lillie Vandiver recorded an affidavit asserting that Ross had taken the deed from her papers and recorded it without her knowledge.
In actions for partition, the trial court is authorized to “determine all questions of title, and to remove all clouds upon the title, if any, of the lands, whereof partition is sought.” Alabama Code 1975, § 35-6-23. In this case, the trial court had before it, on the motion for summary judgment, the issue of title to the land the plaintiffs sought to have partitioned. We must determine whether the trial court erred in entering the summary judgment for the defendants, based upon the record before it.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981). Rule 56 is read in conjunction with the “substantial evidence rule” (§ 12-21-12, Code 1975), for actions filed after June 11, 1987. See Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present “substantial evidence,” i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The motion for summary judgment was supported by a warranty deed from Eva and Lillie Vandiver to Robert Ross Vandiver, Sr., dated November 24, 1954, and recorded January 2, 1968. The deed contained this language: “This deed shall not be in effect until after the death of the grantors herein.” This Court has held such language to be a reservation of a life estate in the grantor. Jackson v. Naylor, 275 Ala. 197, 153 So.2d 631 (1963). “A deed regularly executed and in the grantee’s hand is prima facie presumed to have been delivered.” Crosby v. Baldwin County, 227 Ala. 122, 148 So. 814 (1933); Farmer v. Gant, 415 So.2d 1073, 1075 (Ala.1982).
With the introduction of the recorded deed and the affidavit, made on personal knowledge, indicating the deed had been delivered, the defendants had made a prima facie showing that there was no genuine issue as to title and that they were entitled to a judgment. On a motion for summary judgment, when the movant makes a prima facie showing that no genuine issue of material fact exists, as in the present case, the burden shifts to the nonmovant to show “substantial evidence” in support of his position. Bean v. Craig, 557 So.2d 1249, 1252 (Ala.1990).
The plaintiffs sought to introduce certain affidavits to defeat the defendants’ motion for summary judgment. The trial court struck the affidavits, on the grounds that they were not made on personal knowledge, were hearsay, conclusory, and would not be admissible as evidence. The plaintiffs contend that the striking of these affidavits was error.
Rule 56(e), A.R.Civ.P., provides: “Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” This Court has said:
“To prevent summary judgment, after the movant has prima facie shown himself to be entitled to judgment as a matter of law, the opposing party must show *67 by admissible evidence that a genuine issue of material fact exists which requires resolution by a factfinder. Alabama Rules of Civil Procedure, Rule 56(e). It is not enough that the opposing party merely disputes or refutes an immaterial fact, nor is it enough that evidence which is inadmissible under the normal rules of evidence is advanced to contravene that of the movant. Real Coal, Inc. v. Thompson Tractor Co., 379 So.2d 1249 (Ala.1980); Morris v. Morris, 366 So.2d 676 (Ala.1978); Federal Land Bank of New Orleans v. Terra Resources, Inc., 373 So.2d 314 (Ala.1979).
Horner v. First Nat’l Bank of Mobile, 473 So.2d 1025, 1027 (Ala.1985). We have carefully examined the record, and we conclude that the trial judge did not abuse his discretion in striking the affidavits on the grounds that they were not made on personal knowledge, were hearsay, conclusory, and would not be admissible as evidence.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ„ concur.